IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL GLYN BROWN, | § | CASE NO. 13-35892-H4-11 |
| | § | |
| LIONHEART COMPANY, INC., | § | CASE NO. 13-36390-H4-7 |
| | § | |
| CASTLEMANE, INC., | § | CASE NO. 13-36407-H4-7 |
| | § | |
| PRORENTALS, INC., | § | CASE NO. 13-36408-H4-7 |
| | § | |
| SUPERIOR VEHICLE LEASING CO., INC., and | § | CASE NO. 13-36410-H4-7 |
| | § | |
| MG BROWN COMPANY, LLC, | § | CASE NO. 13-36411-H4-7 |
| | § | |
| DEBTORS. | § | Jointly Administered Under Case No. 13-35892-H4 |

**APPLICATION FOR AUTHORITY TO
EMPLOY AND COMPENSATE AUCTIONEER**

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, chapter 11 trustee (the "Trustee") for the bankruptcy estate of Michael Glyn Brown ("Brown") and chapter 7 trustee for the bankruptcy estates of Lionheart Company, Inc. ("Lionheart"), Castlemane, Inc. ("Castlemane"), Prorentals, Inc. ("Prorentals"), Superior Vehicle Leasing Co., Inc. ("Superior"), and MG Brown Company, LLC ("MG Brown"), files this Application for Authority to Employ and Compensate Auctioneer (the "Application").

1. On January 23, 2013 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court").

2. On September 11, 2013, the CRO filed an Emergency Motion to Reinstate Case, Appoint Chapter 11 Trustee, and Transfer Venue [Doc. No. 424] (the "Motion to Reinstate"). The CRO reported that his investigations of Brown Medical Center, Inc., and other Brown-related entities revealed that immediate action was required to save those companies from financial failure. The CRO further reported that his investigation with respect to the Companies had uncovered significant financial debt, misuse of revenue, and compliance issues. Lastly, the CRO reported that a bankruptcy filing for BMC and other Brown-related entities was likely imminent.

3. On September 24, 2013, the Florida Bankruptcy Court granted the CRO's Motion to Reinstate, reinstating the Chapter 11 case, directing the appointment of a Chapter 11 Trustee, and transferring venue for the case to this Court [Doc. No. 435] (the "Reinstatement Order"). The Florida Bankruptcy Court highlighted the exigency of the transfer to this Court as "necessary to avoid irreparable harm." Reinstatement Order, 5. The Reinstatement Order also provides that the CRO Agreement shall terminate, effective on the earlier of: (i) 30 days from the entry of the Reinstatement Order, or (ii) the date on which the Trustee terminates the CRO's services. Reinstatement Order, 7. The Reinstatement Order recites that, although they initially opposed the

relief, the Texas Litigation Creditors and Mrs. Brown ultimately supported the reinstatement of the case and the appointment of a Chapter 11 Trustee. See Reinstatement Order, p. 3.

4. On September 30, 2013, this Court entered an order approving the appointment of the Trustee as the Chapter 11 Trustee. [Doc. No. 457].

5. At **Exhibit B**, the Trustee has attached asset lists. Most or all of the property on these lists is property of the Debtors' Estates. However, the Trustee will file a separate application to sell property of the Debtors Estates (the "Property").[1]

6. Shortly after filing this Application, the Trustee will file a separate motion seeking authority to sell the Property at public auctions to be conducted by Webster's Auction Palace ("Webster").

7. The Trustee files this Application seeking authority to engage Webster as his auctioneer to sell the Property. Webster has been approved to conduct sales by the U.S. Trustee in the Southern District of Texas and is included on the list of qualified auctioneers kept in the office of the U.S. Trustee and the Clerk in Region 7.

8. The sales will be held at auctioneer's place of business, Webster's Auction Palace, 14463 Luthe Road, Houston, Texas 77039.

9. To the best of the Trustee's knowledge after diligent inquiry, the auctioneer has no other connection or relation to the Debtors, the creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Further, Webster has no interest adverse to the Trustee or in the Debtors' Estates in the matters upon which it is to be engaged. Employment of Webster would be in the best interest of the estate to maximize the value of the Property.

---

[1] The Trustee is aware that some third parties assert interests in the property included in these lists. The Trustee is currently working to resolve these disputes before any sale occurs.

Webster

(a) is not a creditor, equity security holders or insiders of the Debtors;

(b) Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the above-referenced bankruptcy estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

The affidavit of Bill Webster, President of Webster's Auction Palace, is attached hereto as **Exhibit A**.

10. The proposed auctioneer has inspected the assets to be sold and is of the opinion that the assets should be sold at auction. Due to the volume of items to be sold, Webster proposes to sell the assets at multiple auctions according to the schedule attached as **Exhibit C**.

11. The Trustee requests that this Court enter an order authorizing the employment of Webster's as auctioneer for the Property. Additionally, the Trustee requests that Webster's be compensated fifteen percent (15%) of the sales price realized from the sale of the Property plus any reasonable and necessary expenses.

[remainder of page intentionally left blank]

WHEREFORE, Trustee prays that an order be entered authorizing the employment of Webster's Auction Palace as auctioneer for the purpose of conducting an auction of the Property identified herein above and authorizing payment of compensation of fifteen percent (15%) of the gross sales proceeds plus reimbursement of out-of-pocket expenses to Webster's Auction Palace, and for such other and further relief to which he is entitled.

Dated: November 20, 2013.

    Respectfully submitted,

By /s/ Richard A. Kincheloe
  Gretchen McCord
  Texas Bar No. 00798203
  gmccord@nathansommers.com
  Spencer D. Solomon
  Texas Bar No.24066117
  ssolomon@nathansommers.com
  Richard A. Kincheloe
  Texas Bar No.  24068107
  rkincheloe@nathansommers.com
  2800 Post Oak Blvd., 61st Floor
  Houston, Texas 77056-5705
  Telephone: (713) 960-0303
  Facsimile: (713)892-4800
ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF MICHAEL GLYN BROWN, AND PROPOSED ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF LIONHEART COMPANY, INC., CASTLEMANE, INC., PRORENTALS, INC., SUPERIOR VEHICLE LEASING CO., INC., AND MG BROWN COMPANY, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on the parties listed on the attached service list via electronic submission (ECF) or by U.S. mail, first class, postage prepaid, on the 20th day of November, 2013.

                                             */s/ Richard A. Kincheloe*  
                                             Richard A. Kincheloe