## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MICHAEL GLYN BROWN,** | § | **CASE NO. 13-35892-H4-7** |
| | § | |
| **LIONHEART COMPANY, INC.** | § | **CASE NO. 13-36390** |
| | § | |
| **BROWN MEDICAL CENTER, INC.** | § | **CASE NO. 13-36405** |
| | § | |
| **CASTLEMANE, INC.** | § | **CASE NO. 13-36407** |
| | § | |
| **PRORENTALS, INC.** | § | **CASE NO. 13-36408** |
| | § | |
| **SUPERIOR VEHICLE LEASING CO., INC.** | § | **CASE NO. 13-36410** |
| | § | |
| **MG BROWN COMPANY, LLC** | § | **CASE NO. 13-36411** |
| | § | |
| **DEBTORS** | § | **(Jointly administered under Case** |
| | § | **No. 13-35892-H4-7)** |

### EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND (III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC
### (Hearing requested on or before December 4, 2013)

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.   UNLESS THE PARTIES AGREE**

**OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers (the "Trustee"), in his capacity as duly-appointed Chapter 11 Trustee for Michael Glyn Brown (the "Debtor" or "Dr. Brown") files this *Application for: (i) Employment of Gaffney, Gallagher & Philip, LLC as Private Investigator; (ii) Allowance and Payment of Administrative Expense Claim for Costs Related to Private Investigation Through November 17, 2013; and (iii) Implementation of Procedures for Allowance and Payment of Future Administrative Claims of Gaffney, Gallagher & Philip, LLC* (the "Application").   In support of this Application, the Trustee respectfully states as follows:

## I.
## CAUSE FOR EMERGENCY CONSIDERATION

1.      On October 24, 2013, Dr. Brown suffered a cardiac arrest and was without the ability to communicate. On November 8, 2013, Dr. Brown passed away.  Since October 24, the Trustee has learned, both through communications with Debtor's counsel and through informal communications with third parties that numerous assets exist that were not reported on Dr. Brown's most recent set of Schedules.  The Trustee was also informed that, following the incident on October 24, certain valuable personal property, including jewelry, was being held and/or concealed by third parties.  In light of this information, the Trustee needs to promptly

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 2

engage professionals with extensive experience in forensic investigation, surveillance, witness interrogation, and law enforcement to assist him in confirming the existence of, locating, and recovering missing assets.  Through this Application, the Trustee seeks to engage and to pay a private investigator for that purpose and to implement procedures to compensate the private investigator on an ongoing basis.

2.      The private investigator sought to be employed and paid herein is a small business, not accustomed to providing services to bankruptcy trustees or the estates they administer.  Its business model depends upon its ability to collect invoices on a current basis, and its work for the Trustee during the month of November has consumed nearly 100% of the company's time and resources.   The private investigator has informed the Trustee that its business will be harmed if it is expected to continue performing services and dedicating large amounts of time and resources to this matter while being limited to filing applications for compensation every 120 days. *See* 11 U.S.C. § 331.  Accordingly, emergency consideration of this Application is appropriate because there is a substantial risk that the Trustee's private investigator, which has already achieved substantial results for the estate and its creditors, will decline to perform further services for the estate.

## II.
## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 3

5.      This Court has constitutional authority to enter a final order regarding this Application.  Sections 327, 330, and 503 of the Bankruptcy Code have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)).  In the alternative, employment of professional persons for the bankruptcy estate and allowance of payment of administrative expense claims are essential bankruptcy matters, triggering the "public rights" exception.  *See Id.*

### III.
### RELEVANT BACKGROUND FACTS

6.      On January 23, 2013 (the "Petition Date"), Dr. Brown filed a voluntary Chapter 11 petition[1] in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court").

7.      On March 13, 2013, the Florida Bankruptcy Court entered an Order Dismissing Case with Conditions and Reservation of Jurisdiction [Case No. 13-35892, Doc. No. 201) (the "Dismissal Oder").

8.      On September 24, 2013, the Florida Bankruptcy Court reinstated the Chapter 11 case, ordered the appointment of a Chapter 11 Trustee, and transferred venue for the case to this Court [Case No. 13-35892, Doc. No. 435].

9.      On September 30, 2013, this Court entered an order approving the appointment of the Trustee as the Chapter 11 Trustee for Dr. Brown's bankruptcy estate. [Case No. 13-35892, Doc. No. 457].

---

[1] On November 20, 2013, Dr. Brown's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code. [Doc. No. 905]

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 4

10.     On October 24, 2013, Dr. Brown suffered a cardiac arrest and was without the ability to communicate through November 8, 2013, on which date he was pronounced dead. Since October 24, 2013, the Trustee was informed that numerous assets exist that were not reported on Dr. Brown's most recent set of Schedules.  For example, the Trustee was informed of the existence of two suitcases containing approximately $3.2 million in cash belonging to Dr. Brown's estate.  The Trustee was also informed of the existence of a substantial amount of artwork and other valuable furniture and jewelry not previously disclosed in Dr. Brown's schedules or at his meeting of creditors.  The Trustee was also informed that, on or about the date of the incident on October 24, certain valuable personal property, including valuable watches, jewelry, and sculptures, were removed from Dr. Brown's residence in Miami, Florida.

11.     Since receiving the above-described information, the Trustee has worked quickly and diligently to confirm the existence of, locate, and secure the missing assets of Dr. Brown.  In order to accomplish this task, the Trustee needed to promptly engage professionals with extensive experience in forensic investigation, surveillance, witness interrogation, and law enforcement to assist him in his duties to the estate.

## IV.
## RELIEF REQUESTED

### A.     EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC

12.     The Trustee requests authority to employ the Gaffney, Gallagher & Philip, LLC ("GGP") as the estate's private investigator pursuant to 11 U.S.C. §§ 327 and 330.  Employment of professionals is governed by 11 U.S.C. § 327 and FED. R. BANKR. P. 2014.  Specifically, 11 U.S.C. § 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers,

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 5

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Furthermore, Federal Rule of Bankruptcy Procedure 2014(a) provides as follows:

An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327, §1103 or §1114 of the Code shall be made only on application of the trustee or committee.... The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

13.     In order to administer these bankruptcy estates efficiently and with maximum benefit to creditors, the Trustee has determined that it is in the best interest of the estate to retain GGP as his private investigator for the purpose of locating and recovering missing and/or non-disclosed assets and interviewing witnesses to confirm or disconfirm the existence of such assets. The contact information for GGP is as follows:

Gaffney, Gallagher & Philip, LLC
P.O. Box 19467
Plantation, FL 33318-9998
(954) 321-9011

14.     The Trustee wishes to employ GGP as the estate's private investigator, effective November 1, 2013.  The Trustee wishes to employ GGP on an hourly-fee basis.  The hourly rates for agents and principals of GGP who may work on this matter shall be as follows: $75-200 for analysts, $350 for principals, and $200-300 for investigators conducting surveillance, investigation, interviews and report writing.   GGP will also be entitled to reimbursement for

reasonable expenses incurred and/or paid in connection with its services, including vehicle mileage. GGP has agreed to submit a detailed invoice to the Trustee on a weekly basis.

15.     GGP will perform the private investigation services set forth in greater detail in the Engagement Letter attached hereto as **Exhibit A**. The hourly rates set forth above are at or below the customary rates of the listed professionals. These rates are competitive with other private investigators of similar experience in the Miami-Dade area who perform similar services.

16.     The Trustee has selected GGP to serve as his private investigator because the firm has come highly recommended by the Trustee's local counsel in Florida and has a good reputation as a solid and effective private investigation outfit in Miami.  The Trustee is in need of a private investigator for the reasons stated herein above.

17.     GGP does not hold an "interest adverse" to Dr. Brown's bankruptcy estate as it does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant.  *See, e.g., In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994).  Furthermore, to the best of the Trustee's knowledge, information, and belief after due inquiry, GGP does not have any connections with the Debtor, his creditors, any other party in interest, any of their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee except as otherwise disclosed in the Declaration of Disinterestedness, attached hereto as **Exhibit B**.

18.     GGP is disinterested, as that term is defined in 11 U.S.C. § 101(14) and used in § 327(a).  GGP, its members, managers, employees, contractors, and agents:

(a)     are not creditors, equity security holders, or insiders of the Debtor;

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 7

(b)     are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

(c)     Do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

19.     GGP has conducted an internal conflicts search and review, which includes the entire service list for this case and for the related bankruptcy cases of Lionheart Company, Inc., Castlemane, Inc., Prorentals, Inc., Superior Vehicle Leasing Co., Inc., MG Brown Company, LLC, and Brown Medical Center, Inc., and none of GGP's professionals reported any potential conflict or adverse interest to any of the listed parties.

20.     As set forth in greater detail in the resumes of various professionals employed or utilized by GGP attached hereto as **Exhibit C**, GGP and its professionals have experience conducting and overseeing managed major international, multi-jurisdictional, historical and proactive covert investigations, which involved the deployment and oversight of investigative and forensic accounting professionals.  In particular, Ross Gaffney, who will serve as the Trustee's lead investigator in this matter, has more than 30 years of experience as a financial fraud/money laundering investigator.  Mr. Gaffney, during a 27 year career with the FBI, investigated and managed teams of investigators and forensic accountants in highly complex transnational fraud/money laundering cases involving White Collar Crime (WCC) specialties; Public Corruption (Foreign Corrupt Practices Act, FCPA), Financial Institution Fraud, Healthcare Fraud, Corporate Fraud, Securities Fraud, investment fraud, Fraud By Wire (FBW) Boiler Room and Advance Fee frauds. With respect to the particular issues pertaining to the Trustee's coordination with law enforcement and the asset hunt in Miami, one of GGP's contractors proposed to be utilized in this case, Jerry Rodriguez, served as a detective with the

Miami-Dade Police Department for 13 years and specializes in surveillance, finding uncooperative individuals who may be hiding their whereabouts, and serving such individuals with legal documents.  Many of GGP's professionals are former FBI agents with multiple years' experience in white collar fraud, foreign corrupt practices, and money laundering.

21.     The scope of the engagement will be to act as the Trustee's private investigator in Florida to provide the services more particularly described in the Engagement Agreement attached hereto as Exhibit A.

## B.     ALLOWANCE AND PAYMENT OF GGP'S ADMINISTRATIVE EXPENSE CLAIM THROUGH NOVEMBER 9, 2013

22.     Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the court for cause."  The Trustee seeks allowance and payment of GGP's administrative expense claim through November 17, 2013, in the total amount of $158,811.10 (the "Administrative Claim"), pursuant to §§ 503(b)(1)(A) and/or 503(b)(2) of the Bankruptcy Code. A true and correct copy of GGP's invoices for the Administrative Claim detailing the services performed, the professionals performing such services, hours spent, and expenses sought to be reimbursed for the period November 1, 2013 through November 17, 2013 is attached hereto as **Exhibit D**.

### 1.     *Section 503(b)(1)(A)*

23.     As a general matter, administrative claims are allowable under two basic theories: "(1) operating and preservation expenses; and (2) compensation and reimbursement for parties who help the bankruptcy process to function."  William L. Norton, Jr., Norton Bankruptcy Law & Practice § 49:15 (3d ed. 2008).  For this reason, § 503(b)(1)(A) of the Bankruptcy Code

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 9

provides for allowance and payment of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

24.    The Trustee submits that whether or not GGP is employed by the estate, its Administrative Claim should be allowed and paid as an actual and necessary cost of preserving the estate.  After the Trustee learned about the existence of the missing and/or non-disclosed assets, GGP promptly assisted the Trustee in (a) conducting interviews and surveillance of parties believed to have knowledge or possession regarding such assets, (b) coordination with local law enforcement, and (c) inspection and surveillance of the property located at 6633 Allison Road. Because of the efforts and services of GGP (performed nearly round-the-clock during the first half of November), the Trustee was able to locate two previously undisclosed storage units held in the names of third parties containing personal property of Dr. Brown.  In addition, GGP discovered and facilitated the turnover of approximately $159,000 in cash and approximately $115,000 in watches and jewelry from an associate of Dr. Brown.  But for GGP's efforts, the Trustee may not have located or secured these assets, or may not have learned about their existence in time to prevent further dissipation or disbursement.  There is no question that GGP's services substantially enhanced and preserved the value of the estate.  Accordingly, GGP is entitled to allowance and payment of an Administrative Claim under § 503(b)(1)(A).

## 2.    *Section 503(b)(2)*

25.    GGP's fee for services rendered to the estate are also allowable under § 503(b)(2) of the Bankruptcy Code.   Section 503(b)(2) provides for allowance and payment of an administrative expense for "compensation and reimbursement awarded under section 330(a) of this title." In approving compensation of professionals under § 330(a) of the Bankruptcy Code, courts consider various factors including: the time spent; the rates charged; whether the services

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 10

were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

26.     GGP's services giving rise to the Administrative Claim easily satisfy the considerations set forth above.  After the Trustee was informed of the existence of $3.2 million in cash and numerous other undisclosed valuables, GGP moved rapidly to confirm the existence of and secure the missing assets.  Given the extensiveness of Dr. Brown's network of personal assistants, drivers, associates, and other employees, GGP's professionals utilized their many years of experience in law enforcement to track down, interview, and conduct surveillance of such individuals.

27.     Through its efforts, in a matter of days, GGP was able to (a) locate and secure two (2) previously undisclosed storage facilities in the names of third parties holding assets of Dr. Brown.  In addition, GGP successfully retrieved from third parties a suitcase containing approximately $159,000 and approximately $115,000 in watches and jewelry.  Moreover, GGP's efforts led to information confirming the existence and last known location of additional assets (valuable sculptures and another suitcase belonging to Dr. Brown believed to contain assets).

28.     Not only did GGP achieve all of the aforementioned results for the estate, it did so exceptionally quickly, devoting nearly all its time and resources to the effort.  As set forth in the invoices attached as Exhibit D, GGP's professionals many times spent 10 to 12 hours per day working to locate and secure the missing asserts in Miami.  Due to the fungible and easily transportable nature of the assets alleged to be at large (much of which is cash and jewelry), there

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                          PAGE 11

was a high likelihood that such assets would have been displaced or dissipated but for GGP's sense of urgency and dedication to the task.  The efforts and information provided by GGP also assisted the Trustee greatly in his Bankruptcy Rule 2004 examinations of the individuals alleged to have knowledge of Dr. Brown's assets.

29.     As set forth in Exhibit B, the hourly rates of GGP's professionals, many of which have more than 20-years' experience in law enforcement with federal and state government agencies, are reasonable and customary in the industry for investigators of their caliber and experience.  The Trustee believes that GGP's extensive experience and qualifications contributed greatly to its effectiveness on behalf of the estate and the results obtained.

30.     GGP's task was difficult. The Trustee initially provided GGP with only the limited information he received regarding missing assets and incomplete (and sometimes outdated) contact information for a handful of individuals located throughout Miami, Fort Lauderdale, and New York that may have knowledge of same. With that small amount of information, GGP was able to achieve the above-described results within only two (2) weeks. GGP achieved those results despite, in some cases, receiving inconsistent or misleading information from witnesses. The Trustee believes that the estate and its creditors owe GGP a debt of gratitude for the services the firm and its professionals performed. GGP's services giving rise to the Administrative Claim were reasonable and necessary and should be paid.

C.     IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE ADMINISTRATIVE EXPENSE CLAIMS OF GGP

31.     GGP, a small private investigation business, is not accustomed to providing services to bankruptcy trustees or the estates they administer.  GGP's business model depends upon its ability to collect invoices on a current basis.  Moreover, GGP has informed the Trustee

EMERGENCY APPLICATION FOR: (I) EMPLOYMENT OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS PRIVATE INVESTIGATOR; (II) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
CLAIM FOR COSTS RELATED TO PRIVATE INVESTIGATION THROUGH NOVEMBER 17, 2013; AND
(III) IMPLEMENTATION OF PROCEDURES FOR ALLOWANCE AND PAYMENT OF FUTURE
ADMINISTRATIVE EXPENSE CLAIMS OF GAFFNEY, GALLAGHER & PHILIP, LLC                    PAGE 12

that its work for the estate during the month of November has consumed nearly 100% of GGP's time and resources.   As such, the services GGP provided to the estate during the month of November constitutes the company's primary source of revenue for that month. In addition, GGP has obligations to vendors and other expenses that must be paid currently.  GGP has informed the Trustee that its business will be harmed if GGP is expected to continue performing services and dedicating large amounts of time and resources to this matter while being limited to filing applications for compensation every 120 days. *See* 11 U.S.C. § 331.  Accordingly, GGP has informed the Trustee that it cannot continue to perform services for the estate unless it has a reasonable expectation that its invoices will be paid reasonably promptly after receipt.

32.    Balancing GGP's need to be compensated on current basis against the creditors' right to challenge the reasonableness and necessity of GGP's compensation, the Trustee proposes the following procedures for compensating GGP in this case: GGP will submit invoices to the Trustee for work performed.  The Trustee will file each of GGP's invoices upon receipt and provide notice to all creditors and parties-in-interest.[2] Creditors and parties-in-interest will have the right to contest amount(s) set forth in a particular invoice by filing an objection within ten (10) days following service of the notice.   Such objections must identify the specific items/expenses/services in the invoice which are alleged to be unreasonable or unnecessary.  If no objections are filed within 10-days' following service of the notice, the Trustee will be authorized, without further order of the court, to distribute funds from the estate to pay the subject invoice.   If objections are timely filed, then: (a) with respect to particular items/expenses/services that are disputed, the Court will hold a hearing at the next status

---

[2] The Trustee reserves the right to redact portions of GGP's invoices to protect attorney-client privileged information and/or work product.

conference to determine whether the disputed items/expenses/services are compensable under § 330(a); and (b) with respect to items/expenses/services that have not been disputed, the Trustee will be authorized, without further order of the court, to distribute funds from the estate to pay such amounts.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (a) approving the employment of GGP as requested herein; (b) allowing GGP an administrative expense claim for services rendered through November 17, 2013, in the total amount of $158,811.10, pursuant to §§ 503(b)(1)(A) and/or 503(b)(2) of the Bankruptcy Code, (c) authorizing the Trustee to disburse funds from the estate to pay such allowed administrative expense claim; and (d) implementing the above-described procedures for allowance and payment of GGP's future administrative expense claims. The Trustee also requests such other and further relief to which he may be justly entitled.

**[Signature Block on Following Page]**

Respectfully Submitted,

By: */s/ Spencer D. Solomon*_____
      Gretchen G. McCord
      Texas Bar No.  00798203
      gmccord@nathansommers.com
      Spencer D. Solomon
      Texas Bar No.  24066117
      ssolomon@nathansommers.com
      Richard A. Kincheloe
      Texas Bar No. 24068107
      rkincheloe@nathansommers.com

Nathan Sommers Jacobs,
A Professional Corporation
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056
(713) 960-0303 (main)
(713)892-4800 (fax)

**ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE FOR MICHAEL GLYN BROWN, LIONHEART COMPANY, INC., CASTLEMANE, INC., PRORENTALS, INC., SUPERIOR VEHICLE LEASING CO., INC., AND MG BROWN COMPANY, LLC**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on November 22, 2013, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, and via First Class U.S. Mail upon all parties listed on the attached Service List.

      */s/ Spencer D. Solomon*_____
      Spencer D. Solomon

## CERTIFICATE OF ACCURACY

      The undersigned certifies that the facts contained in the foregoing Motion are true and correct to the best of his knowledge.

      */s/ Spencer D. Solomon*_____
      Spencer D. Solomon