IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MICHAEL GLYN BROWN,** | § | **CASE NO. 13-35892-H4-11** |
| | § | |
| **LIONHEART COMPANY, INC.,** | § | **CASE NO. 13-36390-H4-7** |
| | § | |
| **CASTLEMANE, INC.,** | § | **CASE NO. 13-36407-H4-7** |
| | § | |
| **PRORENTALS, INC.,** | § | **CASE NO. 13-36408-H4-7** |
| | § | |
| **SUPERIOR VEHICLE LEASING** | § | **CASE NO. 13-36410-H4-7** |
| **CO., INC., and** | § | |
| | § | |
| **MG BROWN COMPANY, LLC,** | § | **CASE NO. 13-36411-H4-7** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered Under** |
| | § | **Case No. 13-35892** |

**TRUSTEE'S EMERGENCY MOTION TO SELL FLORIDA HOUSE**
**(hearing requested on or before December 4, 2013; estimated time: less than 15 minutes)**

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, chapter 7 trustee for the bankruptcy estate MG Brown Company, LLC (the "Trustee"), files this Emergency Motion to Sell Florida House (the "Motion").

<u>**Summary**</u>

1.      The Trustee seeks to sell Michael Brown's former residence in Florida, which was owned by MG Brown Company, LLC.  A buyer has offered to purchase the house for $8,600,000. This amount exceeds the $8,325,000 which MG Brown Company paid to purchase the house in late-2012.  The Trustee proposes to pay all creditors secured by the house–including those secured by judicial liens–in full at closing.

<u>**Cause for Emergency Consideration**</u>

2.      The insurance on the home is set to lapse on December 20, 2013.  Additionally, if the Trustee does not obtain Court approval of the proposed sale on or before December 4, 2013, then the contract requires the Trustee to wait until January 6, 2014, to close.[1]  For these reasons, and on account of the continuing expenses associated with owning the house, cause exists to consider the proposed sale on less than twenty-one days notice.

<u>**Jurisdiction, Venue, and Constitutional Authority**</u>

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] Moreover, the contract also provides that if the Trustee is unable to obtain approval from the Court before December 10, then the buyer has the right to terminate the contract.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This Court has constitutional authority to enter a final order regarding this matter. Court approval of the sale of property of a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ----, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)).  In the alternative, the sale of property of a bankruptcy estate is an essential bankruptcy matter which triggers the "public rights" exception.  *See id.*  The Trustee consents to the entry of a final order regarding this matter.

## Factual Background

6.      In December, 2012, MG Brown Company, LLC ("MG Brown Company"), purchased real property and improvements located at 6633 Allison Road, Miami Beach, FL 33141 (the "Florida House") for $8,325,000.[2]  The Florida House is more particularly described as: Lot 25, of Indian Creek Subdivision, according to the Plat thereof as recorded in Plat Book 31, at page 75, of the Public Records of Miami-Dade County, Florida; Parcel Identification Number: 02-3211-003-0240. According to the Miami-Dade County Property Appraiser, the Florida House (1) has 11,772 square feet, (2) has six bedrooms and 8 ½ bathrooms, and (3) is on a 25,682 square-foot lot.

7.      MG Brown Company financed the purchase of the Florida House through a first-lien mortgage with BofI Federal Bank ("BofI") in principal amount of $4,162,500.  The Trustee is informed that this indebtedness accrues interest at 5.875% *per annum* and that the payoff amount

---

[2] The Trustee's information concerning the purchase comes from the Miami-Dade County Property Appraiser.

3

on December 19, 2013, will be $4,305,817.35.

8. On January 23, 2013, Michael Glyn Brown ("Brown") filed a voluntary petition for protection under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court"). [Doc. No. 1]. On March 14, 2013, the Florida Bankruptcy Court dismissed the Brown Bankruptcy Case, with certain conditions. [Doc. No. 201].

9. On May 8 and May 30, 2013, the Florida Bankruptcy Court awarded fees to certain professionals:

| Amount | Professional(s)/Party |
|---|---|
| $40,237 | IberiaBank |
| $314,909.23 | Aaronson Schantz P.A. |
| $131,167.68 | Furr & Cohen, P.A. |
| $25,118.50 | Joel Salinas |
| $65,051.62 | Slatkin & Reynolds, P.A. |
| $103,039 | Pendergraft & Simon, LLP |
| $104,893 | Simon Herbert McClelland & Stiles, LLP |
| $53,425 | Texas Community Bank |
| $29,180.30 | Nichols Law, P.L.L.C. |
| $43,945 | Hantman & Associates, L.L.C. |
| $246,963 | (a) Law Offices of Marshall David Brown, Jr., P.C., (b) Law Offices of Robert S. Hoffman P.L.L.C., (c) Jebediah D. Moffett P.C., and (d) William B. Stewart Jr. CPA |

[Doc. Nos. 274 and 288]. Collectively, the $1,156,929.33 in fees set forth above will be referred to as the "Fee Awards," and the beneficiaries of the Fee Awards will be referred to as the "Fee

Recipients." These fees were awarded against Brown, individually.

10.     By orders entered on August 13, August 27, and September 3, 2013, the Florida Bankruptcy Court imposed a judicial lien (the "Fee Award Lien") against the Florida House, owned by MG Brown Company, in the amount of $1,156,929.33 to secured the Fee Awards. [Doc. Nos. 330, 378, and 413].

11.     In addition to the Fee Award Lien and the mortgage in favor of BofI, an ownership & encumbrance report obtained by the Trustee showed a series of criminal judgments against various individuals. Most of the defendants in these criminal judgments used "Michael Brown" as an alias, but some of the criminal judgments were against "Michael Brown, Jr., a/k/a Michael J. Brown, a/k/a Michael Junior Brown" or "Michael James Brown." Many of the criminal judgments found by the Trustee's report were entered before 2012 (the year when Michael Glyn Brown moved to Florida), and none of the criminal judgments in the Trustee's ownership & encumbrance report were against Michael Glyn Brown.

12.     The Trustee's ownership & encumbrance report also produced a small number of judgments against "Michael Brown" in the Miami-Dade County Real Property Records. None of these judgments appear to be against Michael Glyn Brown because, among other reasons, the addresses for "Michael Brown" in these judgments do not match any known address used by Brown. However, out of an abundance of caution, the Trustee is providing the judgment holders with notice of this Motion.

13.     A federal tax lien against "Michael Brown" also appears in the Miami-Dade County Real Property Records. Michael Glyn Brown filed a "Non-Identity Affidavit" in the property records, saying that he was not the same "Michael Brown" listed in the federal tax lien. Accordingly,

the Trustee asserts that this tax lien does not affect the Florida House.  The Trustee is providing notice of this Motion to the Internal Revenue Service.

14.     On September 24, 2013, the Florida Bankruptcy Court (1) reinstated the Brown Bankruptcy Case, (2) directed the appointment of a trustee, and (3) transferred venue to the Southern District of Texas, Houston Division.  [Doc. No. 435].  On September 30, 2013, this Court entered an order approving the appointment of Ronald J. Sommers, chapter 11 trustee for the Brown Bankruptcy Estate. [Doc. No. 457]

15.     On October 15, 2013 (the "Petition Date"), the Trustee caused MG Brown Company to file a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  [Case No. 13-36411]. Ronald J. Sommers was thereafter duly appointed as chapter 7 trustee for the MG Brown Company Bankruptcy Estate, and he continues to serve in that capacity.  The Bankruptcy Case of MG Brown Company is currently being jointly administered with the Brown Bankruptcy Case.  [Case No. 13-35892].

16.     The Trustee has received and accepted, subject to Court approval, an offer to purchase the Florida House for $8,600,000.  The fully-executed contract is attached to this Motion as **Exhibit A**.

17.     Although the Trustee's real estate broker is currently paying for maintenance expenses (which must be reimbursed at closing), the Trustee must consider these continuing expenses in weighing the merits of the proposed sale.  These expenses include, but are not necessarily limited to:

(1)     Insurance, which costs approximately $8,000 per month;

(2)     Utilities, which cost approximately $4,000 per month, although these expenses vary

6

seasonably;

(3)     Maintenance and landscaping, which cost approximately $7,000 per month, but can

vary; and

(4)     Estimated *ad valorem* property taxes of approximately $135,000 per year.[3]

*See* [Doc. No. 279, p. 3].

18.     The Trustee believes that $8,600,000 is a reasonable offer, and he believes that the

proposed sale is in the best interests of the MG Brown Company Bankruptcy Estate.

### Relief Requested

19.     The Trustee requests authority to sell the Florida House free & clear of liens for

$8,600,000 as set forth in this Motion.  From the sale proceeds, the Trustee seeks to (1) pay all Fee

Awards, (2) pay all closing costs, (3) pay all *ad valorem* property tax prorations, (4) pay all amounts

owed to BofI, (5) pay the real estate broker's commission, and (6) reimburse the Trustee's real estate

broker for actual expenses incurred in preparing the house for sale.  The remaining funds will be

unsecured and property of the MG Brown Company Bankruptcy Estate.

### Legal Authority in Support of Relief Requested

20.     A sale of estate property outside the ordinary course of business is proper, but the

trustee or debtor-in-possession must articulate a sound business reason for the sale and show that the

sale is in the best interest of the estate (i.e. that it is fair and reasonable), that the sale has been

negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that the

sale is an arms-length transaction.  *See, e.g., In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225

---

[3] Brown's Amended Schedule J reflects *ad valorem* property tax expenses of $8,350 per month, but research on the website of the Miami-Dade County Property Appraiser shows 2013 taxes to be approximately $135,000.

(5th Cir. 1986). The business justification for a sale must be considered on a case-by-case basis. *Id.* at 1226. In evaluating such a sale, the Court must balance the need for flexibility with the concerns of affected creditors. *In re Terace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-479 (Bankr. S.D.N.Y. 1986).

21.     The proposed sale is in the best interests of creditors because it liquidates a valuable asset for the benefit of creditors. MG Brown Company purchased the Florida House in December, 2012, for $8,325,000.[4] Furthermore, the Trustee's real estate broker informed the Trustee that the fair market value for the Florida House is likely between $8,400,000 and $8,600,000. The proposed sale price (1) exceeds the price which MG Brown Company paid for the Florida House approximately one year ago, and (2) is at the high end of the range estimated by the Trustee's broker. Furthermore, the sale cuts off the continuing expenses associated with the Florida House, including but not limited to insurance, maintenance, utilities, and interest. Finally, if the sale closes before December 20, 2013, the Trustee will not have to spend any additional amounts for insurance.[5]

22.     The Bankruptcy Code provides that property may be sold free and clear of "any interest in such property other than the estate" only if certain conditions are met. 11 U.S.C. § 363(f). These conditions are as follows:

---

[4] Based on a review of available documents, the Trustee believes that the sale contract was signed in November, 2012, but the transaction closed later in December, 2012.

[5] The current insurance was pre-paid for one year for an occupied dwelling. Because the Florida House is currently unoccupied, the Trustee expects insurance costs to increase if he is required to renew the insurance on the Florida House.

(1)     applicable non-bankruptcy law permits the sale of such property free and clear of such interests;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

23.     Here, the proposed sale price exceeds the aggregate value of all liens on the Florida House.  Therefore, a sale free and clear is warranted.

24.     The Trustee expects that the proposed sale will generate more than $2.4 million in unsecured funds for the Bankruptcy Estate of MG Brown Company, after the payment of: (1) all Fee Awards, (2) all closing costs, (3) all *ad valorem* property tax prorations, (4) all amounts owed to BofI, (5) the real estate broker's commission, and (6) reimbursement of the actual expenses incurred by the Trustee's real estate broker in preparing the Florida House for sale.

Accordingly, the Trustee requests that the Court authorize the proposed sale of the Florida House and grant him such other and further relief as is equitable and just.

Dated: November 25, 2013.

Respectfully submitted,

By */s/ Richard A. Kincheloe*
    Gretchen McCord
    Texas Bar No. 00798203
    gmccord@nathansommers.com
    Spencer D. Solomon

9

Texas Bar No.24066117
ssolomon@nathansommers.com
Richard A. Kincheloe
Texas Bar No.  24068107
rkincheloe@nathansommers.com
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705
Telephone: (713) 960-0303
Facsimile: (713)892-4800
ATTORNEYS FOR RONALD J. SOMMERS,
CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY
ESTATE OF MG BROWN COMPANY, LLC

## Certificate of Service

The undersigned certifies that he served a true and correct copy of the foregoing Motion on the parties listed on the attached service list by first-class U.S. mail, postage prepaid, or by ECF notification on November 25, 2013.  Furthermore, the undersigned certifies that he served a true and correct copy of the foregoing Motion on the parties listed below at the addresses listed below by first-class U.S. mail, postage prepaid, on November 25, 2013.

IberiaBank
11 Greenway Plaza, Suite 2900
Houston, TX 77046

Aaronson Schantz P.A.
Miami Tower
100 S.E. 2nd St., 27th Floor
Miami, FL 33131

Furr & Cohen, P.A.
c/o Alan R. Crane
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, FL 33431

Joel Salinas
c/o Steven C. Earl
Gauntt, Earl & Binney LLP
1400 Woodloch Forest Dr., Suite 575
The Woodlands, TX 77380

10

Slatkin & Reynolds, P.A.
c/o Robert F. Reynolds
One E. Broward Blvd., Suite 609
F. Lauderdale, FL 33301

Pendergraft & Simon, LLP
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, TX 77019

Simon Herbert McClelland & Stiles, LLP
3411 Richmond Ave., Ste. 400
Houston, TX 77046

Texas Community Bank
c/o Michael R. Bakst
250 S. Australian Ave., Suite 700
West Palm Beach, FL 33401-5007

Nichols Law, P.L.L.C.
5020 Montrose Blvd., Ste. 400
Houston, TX 77006

Hantman & Associates, L.L.C.
c/o Robert Hantman
358 Fifth Avenue, Suite 1003
New York, NY 10001

Law Offices of Marshall David Brown, Jr., P.C.
3040 Post Oak Blvd., Suite 1020
Houston, TX 77056

Law Offices of Robert S. Huffman, P.L.L.C.
6575 West Loop South, Ste. 496
Bellaire, TX 77401

Jebediah D. Moffett P.C.
801 Congress Street
Houston, TX 77065

William B. Stewart Jr. CPA
7887 San Felipe Street
Houston, TX 77063

State of Florida - State Attorney's Office
100 South Biscayne Boulevard
Suite 3100
Miami, FL 33131

State of Florida - Central Depository
370 S.E. First Street
Room 200
Miami, FL 33131

Lomar Apartments
125 N. 46th Avenue
Hollywood, FL 33021

Midland Funding LLC
P.O. Box 290335
Tampa, FL 33687

Internal Revenue Service
1919 Smith Street
Stop 5024 HOU
Houston, TX 77002

Gary Kornfield, Esq.
4601 Sheridan Street, Suite 222
Hollywood, FL 33021


   */s/ Richard A. Kincheloe*           
Richard A. Kincheloe