IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL GLYN BROWN, | § | CASE NO. 13-35892-H4-7 |
| | § | |
| LIONHEART COMPANY, INC., | § | CASE NO. 13-36390-H4-7 |
| | § | |
| CASTLEMANE, INC., | § | CASE NO. 13-36407-H4-7 |
| | § | |
| PRORENTALS, INC., | § | CASE NO. 13-36408-H4-7 |
| | § | |
| SUPERIOR VEHICLE LEASING | § | CASE NO. 13-36410-H4-7 |
| CO., INC., and | § | |
| | § | |
| MG BROWN COMPANY, LLC, | § | CASE NO. 13-36411-H4-7 |
| | § | |
| DEBTORS. | § | Jointly Administered Under |
| | § | Case No. 13-35892 |

TRUSTEE'S EMERGENCY MOTION FOR:
(1) AUTHORITY TO EMPLOY AUCTION AMERICA, INC. AS
THE ESTATE'S AUCTIONEER TO SELL PERSONAL PROPERTY IN FLORIDA
(2) ORDER APPROVING SALE AT AUCTION OF VEHICLES LOCATED IN
FLORIDA AND  OTHER PERSONAL PROPERTY REMOVED FROM FLORIDA
WAREHOUSE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND INTERESTS PURSUANT TO 11 U.S.C. § 363 AND
(3) APPROVAL OF COMPENSATION OF AUCTIONEER
(Requesting Hearing for on or before Wednesday, December 11, 2013)

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
AND  THE  MOVING  PARTY  CANNOT  AGREE,  YOU  MUST  FILE  A
RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST
FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE
THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY
THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A
TIMELY  RESPONSE,  THE  RELIEF  MAY  BE  GRANTED  WITHOUT**

**FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Ronald J. Sommers, Trustee ("Trustee") and files this his Emergency Motion for: (1) Authority to Employ Auction America, inc. as The Estate's Auctioneer to Sell Personal Property in Florida (2) Order Approving Sale at Auction of Vehicles Located In Florida and Other Personal Property Removed from Florida Warehouse Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §363 and (3) Approval of Compensation of Auctioneer ("Motion") and would respectfully show the Court the following:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(N) and (O).

2.      The statutory predicates for the relief requested in this motion are 11 U.S.C. §§ 105, 327, 328, 330 and 363 and Rules 6004, 6005, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure and corresponding Local Bankruptcy Rules. Venue of these proceedings in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Court has constitutional authority to enter a final order regarding this matter.  The sale of property of a bankruptcy estate is an essential bankruptcy matter which triggers the "public rights" exception.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ----, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)).  In the alternative, the sale of property of a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *Id.*

## II.
## SUMMARY OF REQUESTED RELIEF

4.      First, the Trustee seeks to engage AAI for the bankruptcy estates of Michael Glynn Brown ("Brown"), Lionheart Company, Inc. ("Lionheart"), Prorentals, Inc. ("Prorentals"), Superior Vehicle Leasing Co., Inc. ("Superior") and MG Brown Company, LLC ("MG Brown Co.") as his auctioneer to sell personal property located in Florida owned by each of those respective estates (collectively "Estates").

5.      Second, the Trustee seeks an order from this Court approving the sale by auction of certain vehicles located in Florida (collectively "Vehicles") owned by the various Estates. The vehicle auction will commence January 11, 2014. The Vehicles are currently being stored at AAI.

6.      Third, the Trustee also seeks an order from this Court approving the sale by auction of the household furnishings, decor and other personal property owned by Brown that were stored in the "Vehicle Warehouse" (defined below). That personal property is currently being stored with AAI and it will be sold at an auction later in January or February, 2014, as scheduled by AAI. A notice of the auction date for such items will be filed separately with this court.

7.      As part of its engagement, AAI also may be auctioning the contents removed from

the property located at 6633 Allison Rd. ("Allison Property"), the contents removed from two storage units (one in Miami Beach and one near the Miami International Airport) as well as jewelry and watches. However, sale of those items will be the subject of a subsequent motion to sell.

### III.
### CAUSE FOR EMERGENCY CONSIDERATION

8.     Emergency consideration of this Motion is necessary for the purpose of engaging AAI and approving the auction of the Vehicles because AAI has proposed to proceed with that auction on January 11, 2014 during West Palm Beach Supercar Week. The Trustee has been informed that an auction during that particular week may attract a greater number of potential buyers, thereby driving up sale prices.  The Trustee has been informed that AAI needs certainty that it can proceed with that auction and that it will be entitled to compensation as the auctioneer as it will be incurring marketing and advertising expenses, as well as incurring other auction preparation expenses in preparing the Vehicles for show and for sale.   If a hearing is held on or before December 11, 2013, then AAI will have 30 days prior to the Vehicle auction to ramp up its marketing efforts and expect that it will be reimbursed for its reasonable out of pocket expenses in preparing for the auction. Moreover, AAI, on an emergency basis, parachuted into this case for the Trustee and began gathering assets and storing assets at a time when the case was moving at a fast pace and assets needed to be locked down and, thus, AAI has been rapidly incurring expenses for its diligent efforts on behalf of the Estates.  Further, the Trustee would note that AAI has already incurred the cost to run a full page ad in Hemmings Motor News and Old Cars Weekly and is sending its staff to Daytona Speedway the week of Thanksgiving to pass out flyers advertising the January 11th auction during the Trukey Rod Run, a popular hot rod show.   The Trustee requests that the Court hold a hearing on or before

December 11, 2013. Currently, there are status conferences scheduled in these jointly administered cases on December 4 and December 11, 2013.

## IV.
## GENERAL BACKGROUND

9.      On January 23, 2013 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court").

10.      On September 11, 2013, the CRO filed an Emergency Motion to Reinstate Case, Appoint Chapter 11 Trustee, and Transfer Venue [Doc. No. 424] (the "Motion to Reinstate").  The CRO reported that his investigations of Brown Medical Center, Inc. and other Brown-related entities revealed that immediate action was required to save those companies from financial failure. The CRO further reported that his investigation with respect to the Companies had uncovered significant financial debt, misuse of revenue, and compliance issues.  Lastly, the CRO reported that a bankruptcy filing for BMC and other Brown-related entities was likely immanent.

11.      On September 24, 2013, the Florida Bankruptcy Court granted the CRO's Motion to Reinstate, reinstating the Chapter 11 case, directing the appointment of a Chapter 11 Trustee, and transferring venue for the case to this Court [Doc. No. 435] (the "Reinstatement Order").  The Florida Bankruptcy Court highlighted the exigency of the transfer to this Court as "necessary to avoid irreparable harm." Reinstatement Order,  5.

12.      On September 30, 2013, this Court entered an order approving the appointment of the Trustee as the Chapter 11 Trustee [Doc. No. 457] for the bankruptcy estate of Michael G. Brown ("Brown Individual Bankruptcy Case").

9. On October 11, 2013, this Court, in the Brown Individual Bankruptcy Case, issued an *Order Granting Emergency Motion of Chapter 11 Trustee for Authority to Act on Behalf of Business Entities in the Brown Individual Case* [Case No. 13-35892, Doc. No. 548] (the "Authority Order"). Also on October 11, 2013, this Court issued an Order authorizing the Trustee to file bankruptcy proceeding for the above-captioned other than Brown debtors, [Case No. 13-35892, Doc. No. 552, 553, 554, 555, and 556] (the "Bankruptcy Authority Orders").

13. Accordingly, pursuant to the Authority Order and the Bankruptcy Authority Orders, on October 15 and 16, 2013, the Trustee filed voluntary petitions initiating bankruptcy cases for the above-styled Debtors, including without limitation MG Brown Company, LLC, Case Number 13-36411 (the "MG Brown Co. Bankruptcy"), Lionheart Company, Inc., Case No. 13-36390 (the "Lionheart Bankruptcy"), Prorentals, Inc., Case No. 13-36408 (the "Prorentals Bankruptcy") and Superior Vehicle Leasing Co., Inc., Case No. 13-36410 (the "Superior Bankruptcy").[1] The Trustee has been appointed, and continues to act, as the Chapter 11 trustee in the Michael Brown Individual Bankruptcy Case and as Chapter 7 trustee in each of the other Bankruptcy Cases.

14. The Bankruptcy Cases are being jointly administered and the lead case is the Brown Individual Bankruptcy Case.[2]

15. The Estates of Brown, Superior, Lionheart, MG Brown Co. and Prorentals (collectively the "Debtors") own various personal property. In many instances, Brown used the

---

[1] The MG Brown Co. Bankruptcy, Lionheart Bankruptcy, Prorentals Bankruptcy, Superior Bankruptcy and the Brown Individual Bankruptcy cases are all referred to collectively as the "Bankruptcy Cases".

[2] The Trustee is also Chapter 7 trustee in the bankruptcy case of Castlemane, Inc., Case No. 13-36407 ("Castlemane Bankruptcy") which is also being jointly administered together with these other Bankruptcy Cases, however, none of the assets made the subject of this Motion are owned by Castlemane and the Trustee does not seek relief in this Motion related to Castlemane's estate.

Debtors as special purpose entities to hold assets for his personal use, including certain of the Vehicles. A chart listing the make, model and year of the Vehicles plus the VIN, any lienholder and the Estate holding title is attached hereto as **Exhibit A** (the "Vehicle Chart").

16.     The Vehicles were being kept at either the Allison Property[3] or a warehouse in Miami (the "Vehicle Warehouse").  Currently, all of the Vehicles are in the possession of AAI.

17.     The Trustee engaged AAI for the purpose of taking an inventory and preparing a valuation of the personal property located at the Allison Road Property and the Vehicle Warehouse, including the Vehicles. That engagement was approved by this Court [Doc. 901] and was limited to preparing the inventory.[4]

18.     Moreover, in addition to the Vehicles, there were also a number of household items and furniture located in the Vehicle Warehouse. These items largely consist of household items and furnishings from Dr. Brown's Miami Beach condominium where he previously resided (referred to herein collectively as the "Furnishings"). A true and correct copy of the Furnishings is attached hereto as **Exhibit B** (the "Furnishings List").

## IV.
## RELIEF REQUESTED

19.     The Trustee respectfully asserts that it is necessary to engage AAI as his auctioneer pursuant to 11 U.S.C. §§ 327 and 328 to hold auctions in Florida to sell personal property owned by the Bankruptcy Estates.

---

[3]  The Allison Property is owned by the MG Brown Co. Estate.

[4]  The engagement was limited at the time because the Trustee was acting quickly with an eye toward asset protection and did not have a full understanding of what was owned by Brown. Additionally, at the time, only the Brown Individual Bankruptcy Case was pending. After filing the application and after obtaining additional information, the Trustee filed the other Bankruptcy Cases.

20.     The Trustee seeks to engage AAI and utilize its expertise and services in selling four "groups" of assets as follows: (1) the Vehicles (except to the extent that agreements are reached otherwise with any secured lenders); (2) the Furnishings; (3) jewelry and watches; and (4) the contents of the Allison Road House and other storage units.

21.     This Motion also seeks authority to sell the Vehicles (except those Vehicles with liens as may be carved out from the sale) and the Furnishings.

### IV. <u>Application for Approval of AAI as the Estate's Auctioneer</u>

22.     The Trustee desires to engage AAI to sell at auction the Vehicles, the Furnishings and other personal property owned by Bankruptcy Estates as may be approved through future motions. The contact information for Crooks is as follows:

| | |
|---|---|
| Address: | 6537 Southern Blvd., #2 |
| | West Palm Beach, FL 33413 |
| Phone: | (561)682-3191 |
| Fax: | (561)682-9505 |
| Email: | auctionamericainc@gmail.com |
| Website: | http://www.2bid4stuff.com |

23.     The Affidavit of disinterestedness of Stan Crooks is attached hereto as **Exhibit C** and incorporated herein by reference ("Affidavit"). Attached to the Affidavit are the summary of appraiser's qualifications, AAI's license and bond.

24.     The Trustee has selected AAI for the reason that he has considerable experience in matters of this nature. The Trustee is of the opinion that AAI is well qualified to perform the auction services required for the sale of Estate property in Florida.  Specifically, the Trustee sent requests for referrals of to appraisers and auctioneers to all chapter 13 and chapter 7 trustees in the Southern District of Florida. The Trustee received responses from three trustees and AAI was recommended

by two of them.  Both of the referring trustees highly recommended AAI and relayed successful experiences they have had with utilizing AAI's services not only as an appraiser, but specifically as an auctioneer. The Trustee emailed and called six other auction houses and received responses from two: One was a smaller operation and the Trustee determined that it did not appear to have the right type of bankruptcy experience and little to no experience appraising high end vehicles and furnishings. The second was a large auction house that would likely be able to handle the job and the Trustee considered hiring this larger establishment earlier in the case to conduct the appraisals and later auctions however: (i) its proposed rates for appraisals were higher, (ii) it had less flexibility in terms of immediate availability, (iii) it was less responsive and (iv) it did not come highly recommended from the Florida trustees that responded to the Trustee's request for referrals. AAI, on the other hand, has been valuable to the Trustee and has shown itself to be more than capable of handling auctions of the Estates' property.

25.     Moreover, the Trustee has already engaged AAI to conduct inventories of personal property located in Florida. AAI, and specifically Crooks, has gone above and beyond the call of duty in this case assisting the Trustee and preserving assets of the Estates. Crooks assisted the Trustee with issues when the Trustee had no one else in Florida to call upon for immediate assistance, including recovering vehicles in the possession of former friends/employees of Brown. Crooks provided valuable assistance to the Trustee's counsel when she was in Miami by accompanying her to meet with witnesses to recover additional property (such as cash) and personal property located in a storage unit. Crooks also assisted the Trustee in doing title research on some vehicles and physically searched the Allison Property for valuables.

26.     Furthermore, AAI is a sponsor of an event called West Palm Beach Supercar Week

-9-

to be held January 4-12, 2014. A visitor's website for West Palm Beach describes Supercar Week as follows:

> West Palm Beach Supercar Week, January 4-12, 2014, is an event for car enthusiast from all over the country and worldwide, coming to Palm Beach County for a full week of spectacular events held throughout different venues. West Palm Beach Supercar Week defines Palm Beach County as the premiere auto enthusiasts destination world-wide each January.
>
> Held on the West Palm Beach Waterfront, the event has grown into a significant county wide, week long series of events including: Private VIP and public events, opening day of the Polo Season at the International Polo Club on Wellington, a Track Day event at Palm Beach International Raceway, SuperCar at The Gardens in Palm Beach Gardens, Media Day, SuperCar @ The Norton Museum of Art, SuperCar @ Midtown / PGA Blvd. a specially curated art exhibition, this year entitled, The History of Formula 1 and the Grand Finale, SuperCar SuperShow Sunday on the West Palm Beach Waterfront.

27.    The Trustee, exercising his business judgment, asserts that the employment of AAI as auctioneer is in the best interest of the Estates.

28.    Crooks, CAI, CES, serves as President of AAI and is a Florida State Bid Calling Champion, two time past President of the Florida Auctioneer's Association, 2011 recipient of the Hall of Fame award for Florida Auctioneer's Association, an active member of the National Auctioneer's Association where he holds the designations of Certified Auctioneer's Institute and Certified Estate Specialist, a member of the National Association of Bankruptcy Trustees, Realtors Association of the Palm Beaches, Florida Realtors Association and National Association of Realtors. AAI serves many institutional sellers including bankruptcy trustees, banks, receivers, colleges, municipalities, government agencies, probate and estate attorneys, finance companies, brokers, retailers, dealers and wholesalers.

29.    To the best of the Trustee's knowledge after diligent inquiry and based on the

Affidavit of Stan Crooks attached hereto, AAI has no connection with the Debtor, creditors, any other party-in-interest, their respective attorneys, and the United States Trustee or any person employed in the Office of the United States Trustee.

30.    To the best of the Trustee's knowledge, based on the Affidavit of Stan Crooks attached hereto, AAI and Crooks do not represent any interest adverse to the Debtors or the Estates in the matters for which AAI is to be engaged.   AAI has not received any compensation or retainer from the Debtors, the Trustee or the Estates.

31.    According to the Affidavit of Crooks attached hereto, AAI and Crooks (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtors; and ( c) do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

## V. <u>Sale at Auction</u>

32.    AAI is willing to perform the auction of the Vehicles and the Furnishings for a 10% buyer's premium on the items sold at each auction, plus expenses.   The Trustee seeks authority to sell the Vehicles and the Furnishings as follows:

**A.**    <u>**Vehicle Auction**</u>:

33.    The terms of the Vehicle Auction are set forth on the proposal attached hereto as **Exhibit D** and are summarized as follows:

\*    AAI is entitled to a 10% buyer's premium, and no other commission on the items sold.

\*      With respect to the Vehicles, AAI is entitled to reimbursement of its expenses without further order of the court up to $35,000. If the expenses exceed $35,000, AAI is entitled to reimbursement of those additional expenses only after application to and approval by the Court.

\*      The Auction will occur on January 11, 2014, with any unsold items to be sold at auction at a later date and time. The Trustee has the right to opt out of any further auctions if the items are not sold, and to pursue other means to sell such property.

\*      AAI will segregate sale proceeds by Estate and report to each Estate for the sale of Vehicles owned by such Estate.

\*      Expenses for any specific Vehicle will be apportioned to the particular Estate that owns that Vehicle and global expenses for storage and security will be pro rated as between the Estates.

**B.      <u>Furnishings Auction</u>**:

34.      AAI will receive a 10% buyer's premium on items sold.

35.      AAI will be entitled to reimbursement of up to $2,000.00 in expenses incurred for storing, transporting and securing the Furnishings without further order of the Court. To the extent AAI's expenses  exceed $2,000.00, it is only entitled to recover the reasonable and necessary expenses approved by this Court after application thereto.

**C.      <u>Sales Under § 363:</u>**

36.      A sale of Estate property outside the ordinary course of business is proper, but the Trustee must articulate a sufficient business reason for the sale and show that the sale is in the best interest of the Estate (*i.e.* that it is fair and reasonable), that the property has been given adequate

marketing, that the sale has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith and that the sale is an arms-length transaction. *See, e.g., In re Continental Airlines,* Inc., 780 F.2d 1223, 1225 (5th Cir. 1986); In *re Wilde Horse Enterprises, Inc.,* 136 B.R. 830 (Bankr. C.D. Cal. 1991). In evaluating such a sale, the Court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditor's lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986). Further, § 704(1) of the Bankruptcy Code provides that the Trustee shall collect and reduce to money the property of the estate for which such trustee serves.

37.     The Trustee seeks to sell the Vehicles and the Furnishings free and clear of all liens, claims, interests and encumbrances. The Bankruptcy Code provides that property may be sold free and clear of "any interest in such property other than the estate" only if certain conditions are met. § 363(f). Section 363(f) provides a list of these conditions as follows:

(1)     applicable non-bankruptcy law permits the sale of such property free and clear of interests;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

-13-

In evaluating such a sale, a court must balance the need for flexibility with the concern of affected creditors. *In re Terrace Gardens Park Partnership*, 96 BR. 707, 715 (Bank. W.D. Tex. 1989).

38.     The Trustee is informed and believes that there are no liens on the Furnishings and, accordingly, they can be sold free and clear under §363(f).

39.     As for the Vehicles, many are unencumbered. The Vehicle List identifies the particular Vehicles not encumbered by liens.  Moreover, the Vehicle List identifies three (3) vehicles on which Icon Bank holds a lien. Icon and the Trustee have entered into agreed orders conditioning the stay which require Icon Bank pay AAI a portion of the expenses of AAI for securing, transporting and storing the vehicles on which Icon holds a lien. [Orders at Docket Numbers 891, 892 and 893]. This will decrease the overall expenses to the Estates of selling the Vehicles. Moreover, the Trustee has been informed that Icon is keeping its collateral vehicles in the auction during Supercar Week which will only add to the interest in the auction.

40.     NRI Brokerage asserts liens on the three (3) following Vehicles: (1) the 1931 Cadillac Phaeton,  (2) the 2007 Prevost Motorcoach and (3) a 2011 Lincoln.  NRI asserts it is owed approximately $465,000. AAI initially valued the 1931 Cadillac Phaeton at approximately $150,000, however, AAI has informed the Trustee that it now believes this to be a very conservative value. AAI has further informed the Trustee that the Cadillac is an extremely rare automobile that is difficult to value because there is a lack of such vehicles on the market and that it is possible, and even likely, that the car will bring significantly more than $150,000.00 at auction.  In fact, AAI has amended its valuation of the 1931 Cadillac Phaeton and stated that the average sale prices for this vehicle since 2009 has been up to $450,000.   A true and correct copy of a list of comparable sales provided to the Trustee by AAI is attached hereto as **Exhibit E**.  Further, the Trustee disputes the validity of the lien

on the 2007 Prevost Motorcoach, which lien was never perfected. A true and correct copy of the Florida certificate of title to the 200 Prevost Motorcoach (owned by the Estate of MG Brown Co.) is attached hereto as **Exhibit F.** The face of the title provides that no lienholder exists. Therefore, the Trustee asserts the lien is avoidable and there is a bona fide dispute with respect thereto. *See*, § 319.27 FL STAT. ANN. (which requires that, to be enforceable, a lien on a motor vehicle or motor home with a Florida certificate of title must be noted on the face of the title and that a "sworn notice of such lien" must be filed in the department of motor vehicles).

41.     Given that there may be equity in the Cadillac, and given that the lien on the Prevost Motorcoach is unperfected, the Trustee and NRI are engaging in good faith discussions.  The Trustee is proposing that (1) NRI's collateral should be surcharged with AAI's expense to transport, store and secure the vehicles, (2) NRI should be paid from the proceeds of the Lincoln and the Cadillac, up to the balance owing on its indebtedness secured by those Vehicles, with any equity remaining for the Estates and that (3) to the extent NRI is not paid in full from the proceeds of the Cadillac and Lincoln, that its  lien, if any, should attach to the sale proceeds of the 2007 Prevost Motorcoach subject to further order of the Court determining the extent and validity of NRI's lien on that Vehicle.

42.     Some of the advertising methods used by AAI are discussed in the Vehicle auction proposal attached hereto and in the introductory paragraph to this Motion dealing with "Cause for Emergency Consideration" and the Trustee incorporated those discussions herein. Additionally, AAI utilizes its website, newspaper advertisements, e-blasts, mail outs and flyers passed out at other auctions as additional marketing and advertising for its auctions including the Vehicles and the Furnishings.

43.     In the exercise of his business judgment, the Trustee believes that the proposed sales are fair and reasonable and that the sale of the Vehicles and the Furnishings on the terms described herein is in the best interest of the creditors and the Estates because valuable property of the Estates will be liquidated for the benefit of the unsecured creditors. For the reasons expressed herein, the proposed auctions are fair and reasonable.

44.     The sale will be **"AS IS, WHERE IS" with the Trustee making NO REPRESENTATIONS OR WARRANTIES.**

45.     Pursuant to 11 U.S.C. § 363(b), the Court should  approve the sale of the Vehicles and the Furnishings as requested herein.

46.     The Trustee further requests that the Court waive the stay imposed by Federal Rule of Bankruptcy Procedure  6004(g) so that the auctions and preparation for the auctions may proceed immediately.

WHEREFORE, the Trustee prays that the Court enter an order: (a) employing and appointing AAI to represent him as his auctioneer to sell property of the Estates located in Florida; (b) approving  the sale of the Vehicles and Furnishings as requested herein; and ( c) granting such other

and further relief to which he may show himself justly entitled

Respectfully Submitted,

By: /s/ Gretchen G. McCord
       Gretchen G. McCord
       Texas Bar No.  00798203
       gmccord@nathansommers.com
       Spencer D. Solomon
       Texas Bar No.  24066117
       ssolomon@nathansommers.com
       Richard A. Kincheloe
       Texas Bar No. 24068107
       rkincheloe@nathansommers.com

       Nathan Sommers Jacobs,
        A Professional Corporation
       2800 Post Oak Blvd. 61st Floor
       Houston, TX 77056
       (713) 960-0303 (main)
       (713)892-4800 (fax)

**GENERAL COUNSEL FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE**

Respectfully submitted,

By: /s/ Ronald J. Sommers
       Ronald J. Sommers, Trustee
       Texas Bar No. 18842500
       2800 Post Oak Blvd., 61st Floor
       Houston, Texas 77056-5705
       (713) 960-0303--Phone
       (713) 892-4800--Fax

## CERTIFICATE OF SERVICE

A copy of the foregoing Trustee's Application for Authority to Employ An Appraiser was served on all parties on the service list attached as by U.S. Mail, postage prepaid or ECF, on this 26th day November, 2013.

 /s/ Gretchen McCord
Gretchen McCord


## Certificate of Authenticity

The undersigned certifies that the facts contained in the foregoing Motion are true and correct to the best of her knowledge.

 /s/ Gretchen McCord
Gretchen McCord

## Service List

**Debtors**

Michael Glyn Brown
1001 Brickell Bay Drive, #2600
Miami, FL 33131-4940

Michael Glyn Brown
6633 Allison Rd.
Miami Beach, FL 33141

Castlemane, Inc.
c/o Ronald J. Sommers
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

Lionheart Company, Inc.
c/o Ronald J. Sommers, Trustee
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

MG Brown Company, LLC
c/o Ronald J. Sommers, Trustee
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

Prorentals, Inc.
c/o Ronald J. Sommers
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

Superior Vehicle Leasing Co., Inc.
c/o Ronald J. Sommers
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

**U.S. Trustee**

Office of the US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002-2604

American Express
P.O. Box 650448
Dallas, TX 75265

B of I Federal Bank
4350 La Jolla Village Dr.
San Diego, CA 92122

Iberia Bank
c/o Brian Hamilton
3595 Grand View Parkway, Suite 500
Birmingham, AL 35243

Iberia Bank
c/o Arnstein & Lehr LLP
515 North Flagler Drive, Suite 600
West Palm Beach, FL 33401-4321

Iberia Bank Direct
CT Corporation
5615 Corporate Blvd. Suite 400
Baton Rouge, LA 70808-2568

Iberia Bank
P.O. Box 13740
New Iberia, LA 70562-3740

Iberia Bank
c/o Mr. Bruce J. Ruzinsky
Matthew Cavenaugh
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010-1900

Icon Bank
7908 N. Sam Houston Parkway West, Suite 100
Houston, TX 77064

Icon Bank
777 Post Oak
Houston, TX 77056

Texas Community Bank, N.A.
c/o Michael R Bakst, Esq.
Greenspoon Marder, P.A.
250 S. Australian Ave., Suite 700
West Palm Beach, FL 33401-5007

Texas Community Bank
16610 I 45
The Woodlands, TX 77384

Texas Community Bank
1131 Uptown Park Blvd., Suite 12
Houston, TX 77056

Vista Visa
P.O. Box 569100
Dallas, TX 77153

Vista Bank
1415 Louisiana Street
Houston, TX 77002

AXYS Capital Income Fund, LLC
c/o NCC Financial LLC
16420 Park Ten Place, Suite 125
Houston, TX 77084

NCC Financial LLC
16420 Park Ten Place, Suite 125
Houston, TX 77084

OmniBank Houston
PO Box 60006
Houston, TX 77205

Omnibank, N.A.
4328 Old Spanish Trail
Houston, TX 77021

AMI
710 N. Post Oak Rd, #208
Houston, TX 77024

NRI Brokerage, LLC
PO Box 219330
Houston, TX 77218

Capital CSC
1250 S. Capital of Texas Highway
Building 1, Suite 600
Austin, TX 78746

Lewis and Roca, LLP
40 North Central
Phoenix, AZ 85004

Crivella West, Inc.
c/o Sanford Neiman, Esq.
400 Lydia Street
Carnegie, PA 15106

Harris NA
PO Box 6201
carol Stream, IL 60197-6201

Jeanne Caldwell McDowell
603 Avondale Street
Houston, TX 77006

Mike Hill, Jr.
Hill Schwartz Spilker Keller LLC
952 Echo Lane, Suite 200
Houston, TX 77024

JVH Interests, Inc.
8681 Louetta Rd., Suite 220
Spring, TX 77379

Bee Caves Urgent Care
11614 FM 2244
Austin, TX 78738

Central Park Realty Holding Corp.
250 W. 57th St., Suite 906
New York, NY 10019

Chase Manhattan Bank
United Airlines Mastercard
Attn: Bankruptcy
P.O. Box 15298
Wilmington, DE 19850

Chris Stevens
c/o David Jaroslawicz, Esq.
225 Broadway, 24th Floor
New York, NY 10007

Claudia Canales
2112 Grand Boulevard
Pearland, TX 77581

Crown Financial Funding LP
16420 Park Ten Place, Suite 125
Houston, TX 77084

Digital Whiteout, Inc.
c/o Michael McAllister
1111 Lincoln Road, Floor 4
Miami Beach, FL 33139

Greenberg Traurig, LLP
333 SE 2nd Avenue Suite 4400
Miami, FL 33131

The First National Bank of Eagle Lake
Main Office
100 Commerce
PO Box 247
Eagle Lake, TX 77434

Heidell Pittoni Murphy & Bach LLP
99 Park Avenue, 7th Floor
New York, NY 10016

Hilder & Associates, PC
819 Lovett Boulevard
Houston, TX 77006

Holladay Properties
McDowell Mountain Med Plaza
HCP, Inc.
P. O. Box 50065
Los Angeles, CA 90074

HTA Desert Ridge
Department 1416
Denver, CO 80256

Jeannie McClure
1225 North Loop West
Houston, TX 77008

Jedediah Moffet, P.C.
801 Congress Street
Houston, TX 77006

Joseph Indelicato, Jr., PC
3355 West Alabama
Houston, TX 77096

Katherine Scardino, Esq.
3730 Kirby Drive
Houston, TX 77098

Larry Jones Landscaping
12118 Fork Creek Drive
Houston, TX 77065

Law Offices of Robert Hoffman, PLLC
6575 West Loop South, Suite 496
Bellaire, TX 77401

Memorial Herman
929 Gessner Drive
Houston, TX 77024

Oliver Maner, LLP
218 West State Street
Savannah, GA 31412

P.M. Realty
1000 Main Street, Suite 2400
Houston, TX 77002

Pavlas, Brown & York, LLP
3040 Post Oak Boulevard
Houston, TX 77006

R.M. Realty Corp.
660 Island Road
Miami, FL 33137

River Oaks Plant House, Inc.
3401 Westheimer
Houston, TX 77027

Rosemont Realty
450 Gears Road
Houston, TX 77067

Sienna Holdings
1770 N. Buffalo Drive
Las Vegas, NV 89128

Sojo Design, LLC
c/o Joseph Berklund, Esq.
Devine Goodman Rasco & Wells
777 Brickell Ave., Suite 850
Miami, FL 33131

Stephen Payne
c/o Gary M. Polland, Esq.
Polland & Associates
2211 Norfolk Street, Suite 920
Houston, TX 77094

Steven Barrett, M.D.
42540 North Back Creek Way
Phoenix, AZ 85086

Stream Realty
515 Post Oak
Houston, TX 77027

Sylvia Zaoral
c/o Steven Burris, Esq.
2810 W. Charleston Blvd, Suite F-58
Las Vegas, NV 89102

Tate Law Group, LLC
2 East Bryan Street
Savannah, GA 31401

The Houstonian Club & Spa
111 North Post Oak Lane
Houston, TX 77024

Ultima Pool Service
7718 Fairdale Lane
Houston, TX 77063

Verizon Wireless
PO Box 660108
Dallas, TX 75266-0108

William Stewart, CPA
7887 San Felipe Street
Houston, TX 77063

Windsor Legacy
7887 San Felipe
Houston, TX 77063

Miami-Dade County Tax Collector (Windley)
140 W Flagler St
Miami, FL 33130-1575

Recovery Management Systems Corporation
25 SE 2 Ave #1120
Miami, FL 33131-1605

Spirit of Texas Bank, SSB, assignee of
Texas
c/o Michael R. Bakst, Esq.
Rilyn A Carnahan, Esq.
Greenspoon Marder, P.A.
250 S. Australian Ave., Suite 700
West Palm Beach, FL 33401-5007

Bank Of Internet Usa
4350 La Jolla Village Dr., Suite 140
San Diego, CA 92122-1244

Nevada State Bank
P.O. Box 990
Las Vegas, NV 89125-0990

Great American Leasing
P.O. Box 660831
Dallas, TX 75266-0831

Chase Mht Bk
Attention: Bankruptcy
PO Box 15298
Wilmington, DE 19850-5298

Tib Okla
PO Box 560528
Dallas, TX 75356-0528

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Internal Revenue Service
1919 Smith Street
Stop 5024 HOU
Houston, TX 77002

ADP Inc.
PO Box 842875
Boston, MA 02284-2875

BHCF, Inc.
4131 Directors Row
Houston, TX 77092

Westbourne
200 Bay Str, Suite 2000
Royal Bank of Canada
Toronto, Ontario M5J 2J2
Canada

Westbourne
121 King Street West, Suite 500
Toronto, Ontario, M5H 3T9
Canada

Colson Financial Services
120 Broadway
New York, NY 10271

North Houston Hand
4131 Directors Row
Houston, TX 77092

SMCSS Inc.
4131 Directors Row
Houston, TX 77092

St. Michael's Center
4131 Directors Row
Houston, TX 77092

St. Michael's Surgical Group
4131 Directors Row
Houston, TX 77092

Surgeons Management
4131 Directors Row
Houston, TX 77092

Navasota Valley
PO Box 848
Franklin, TX  77856-0848

Conroe Taxidermy
11845 Clark Lane
Conroe, TX  77385

Windstream
PO Box 9001908
Louisville, KY  40290-1908

Leon Gas Company
P.O Box 10
Flynn, TX  77855

Entergy
PO Box 8104
Baton Rouge, LA  70891-8104

SiriusXM
P.O. Box 78054
Phoenix, AZ 85062-8054

DirectTV
P.O. Box 78626
Phoenix, AZ 85062-8626

Hughes Net Network Systems
Hughes Network Systems
Chicago, IL 60693-6874

3404 Setai LLC
29 Main Street
Orleans, MA 02653

Arcs & Sparks, Inc.
13280 SW 98th Street
Miami, FL 33186

City of Miami
444 SW 2nd Ave.
Miami, FL 33130

Florida Power & Light
General Mail Facility
Miami, FL 33188-0001

J&K Management Group, LLC
18518 Hardy Oak Blvd, Ste 320
San Antonio, TX 78258

Joel J. Salinas
c/o Steven C. Earl
Gauntt, Earl & Binney LLP
1400 Woodloch Forest Dr., Suite 575
The Woodlands, TX 77380

Long Point Pest Control
2219 Blalock Road
Houston, TX 77080

Manuel Guyot
c/o Paul Simon
Simon, Herbert, McClelland & Stiles, LLP
3411 Richmond, Suite 400
Houston, TX 77046

Ricoh Vegas
PO Box 73210
Chicago, IL 60673-7210

SS Realty
132 Shepard Ave West, Ste 100
North York, ON M2N 1M5
Canada

Robert C. Kuehm, P.C.
8441 Gulf Freeway
Houston, TX 77017

Rachel Brown
c/o Marshal Davis Brown
3040 Post Oak Blvd, Suite1020
Houston, TX 77056

Raleigh "Ro" Jackson
c/o Scott H. McLemore
McLemore, Reddell, Ardoin & Story PLLC
800 Sawyer St
Houston, TX 77077

Mermaid Pool & Spa Inc
141 NW 117th Street
Miami, FL 33168

Merrick Garage LLC
3800 Bird Rd.
Miami, FL 33146

Miami Beach Marina
300 Alton Rd.
Miami, FL 33139

National Registered Agents, Inc.
P.O. Box 12432
Newark, NJ 07101-3532

Pond Doctor
7741 Palmetto Court
Pinecrest, FL 33156

Prime Rate Premium Finance Corp.
P.O. Box 100507
Florence, SC 29502-0507

Setai Condominium Assoc.
101 20th St.
Miami Beach, FL 33139

Tesco Peoples Gas
P.O. Box 31017
Tampa, FL 33631-3017

ADT
PO Box 371490
Pittsburgh, PA 15250-7490

AFCO
PO Box 120001
Dallas, TX 75312-0809

ACC Capital
1787 E. Fort Union Blvd, Suite 200
Salt Lake City, UT 84121

Brown Medical Clinic, Inc.
4131 Directors Row
Houston, TX 77092

Cessna Aircraft Company
23260 Network Place
Chicago, IL 60673

John A. Drake
LaDue Curran & Kuehn LLC
205 W Jefferson Blvd, Suite 200
South Bend, IN 46601

Noe Orozco
14050 Tucker Rd.
Conroe, TX 77306

Reliant
PO Box 650475
Dallas, TX 75265-0475

State Comptroller
Comptroller of Public Accounts
P.O. Box 149359
Austin, TX 78714

Arthur Stewart
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Waste Management
PO Box 660585
Dallas, TX 75266

Western Eagle Security
11201 Richmond Av, Ste A108
Houston, TX 77082

Talaysum, LLC
Baris Talaysum
234 N.E. 3rd Street, Apt. 2205
Miami, Florida 33131

Talaysum, LLC
c/o Richard A. Schurr
Richard A. Schurr, P.A.
100 Almeria Avenue, Ste. 330
Coral Gables, FL 33134

Pamela Jane Gillin
1775 Washington Ave., Apt. 12b
Miami Beach, FL 33139

Svetlana Furman
4242 N.W. 2nd Street, Apt. 1210
Miami, FL 33126

Svetlana Furman
c/o Henry Bell
Henry P. Bell, P.A.
6301 Sunset Drive, Suite 203
South Miami, FL 33143

Patrick Levantino
Levantino & Company, P.C.
2201 West Davis
Conroe, TX 77304

Patrick Levantino
c/o Richard J. White
Buckley, White, Castaneda & Howell, L.L.P.
2401 Fountainview, Suite 1000
Houston, TX 77057

**Parties Requesting Notice**

Paul V. Ledesma, DPM
c/o Robert F. Reynolds
1 E Broward Blvd #609
Ft Lauderdale, FL 33301

Charles Ed Singleton, DPM
c/o Robert F. Reynolds
1 E Broward Blvd #609
Ft Lauderdale, FL 33301

Barrett Foot and Ankle, P.C.
c/o Robert F. Reynolds
1 E Broward Blvd #609
Ft Lauderdale, FL 33301

Craig E. Power
Misty Segura
Cokinos Bosien & Young
Four Houston Center
1221 Lamar St., 16th Floor
Houston, TX 77010

Leonard H. Simon
Robert Pendergraft
William Haddock
Pendergraft & Simon, LLP
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, TX 77019

Harris J Koroglu
Shutts & Bowen LLP
201 S Biscayne Blvd #1500
Miami, FL 33131

Alan R Crane
2255 Glades Rd #337W
Boca Raton, FL 33431

David L. Grange
c/o Gregory S Grossman, Esq
701 Brickell Ave 16 Fl
Miami, FL 33131

Charles M. Rubio
Jason Rudd
Diamond McCarthy, LLP
909 Fannin Street, Suite 1500
Houston, TX 77010

Anthony Kang, Esq.
200 S Biscayne Blvd #3600
Miami, FL 33131

Ernest C Garcia
U.S. Attorney's Office Southern District
1000 Louisiana Street, Suite 2300
Houston, TX 77002

Shane Allister McClelland
Simon Herbert McClelland LLP
3411 Richmond Ave, Ste 400
Houston, TX 77046

Hector Duran
Stephen Statham
U.S. Trustee
515 Rusk, Ste 3516
Houston, TX 77002

Anthony Kang
Joshua Atlas
Ronald Cohn
515 North Flagler Dr., Suite 600
West Palm Beach, FL 33401

1ˢᵗ Source Bank
John A. Conway
LaDue Curran & Kuehn LLC
200 First Bank Building
205 W. Jefferson Blvd.
South Bend, IN 46601

Mynde Eisen
Attorney at Law
P O 630749
Houston, TX 77263-0749

1ˢᵗ Source Bank
Barnet B. Skelton, Jr.
712 Main St., Suite 1705
Houston, TX 77002

Spirit for Texas Bank, SSB
Timothy L. Wentworth
5851 San Felipe, Suite 950
Houston, TX 77057

Tara Grundemeier
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064
Attorneys for Montgomery County and
Harris County

Susan B. Hersh
Susan B. Hersh, P.C.
12770 Coit Road, Suite 1100
Dallas, TX 75251
Attorney for MC&P Acquisition

Christal A. Delgado
Seyfarth Shaw LLP
700 Louisiana Street, Suite 3700
Houston, TX 77002-2797
Attorneys for North Houston Hand Center,
P.A. and Rehabilitation and Pain Center,
P,A

Craig R. Denum
Storey & Denum, P.C.
11757 Katy Freeway, Suite 1010
Houston, TX 77079
Attorney for OmniBank, N.A..

Richard T. Chapman
Anderson, Smith, Nill & Stofer LLP
One O'Connor Plaza, Seventh Floor
P.O. Box 1969
Victoria, TX 77902

Craig H. Cavalier
P.O. Box 270565
Houston, TX 77277

Bill Boyar
Boyar Miller
4265 San Felipe, Suite 1200
Houston, Tx 77027

Richard M. Kaplan
WEYCER, KAPLAN, PULASKI &
ZUBER, P.C.
Eleven Greenway Plaza, Suite 1400
Houston, TX 77046

Jeff Carruth
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015

Jim D Hamilton
John Mayer
Ross Banks May Cron & Cavin
2 Riverway, Ste 700
Houston, TX 77056-1918

Craig Harwyn Cavalier
Attorney at Law
P. O. Box 270565
Houston, TX 77277-0565

Cypress Courts Operating Assoc.
Shelley Bush Marmon
Crady, Jewett & McCulley, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019

Heather H. Jobe
Bell, Nunnally & Martin, LLP
1400 One McKinney Plaza
3232 McKinney Ave.
Dallas, TX 75204-2429

Mark E. Andrews
Aaron M. Kaufman
Cox Smith Matthews Incorporated
1201 Elm Street, Suite 3300
Dallas, TX 75270

Richard M. Kaplan
WEYCER, KAPLAN, PULASKI &
ZUBER, P.C.
Eleven Greenway Plaza, Suite 1400
Houston, TX 77046

Jeff Carruth
WEYCER, KAPLAN, PULASKI &
ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015

Geoffrey Aaronson, Esq.
Tamara D. McKeown, Esq.
Jeremy D. Evans. Esq.
Aaronson Schantz P.A.
100 S.E. 2nd Street
Miami Tower, 27th Floor
Miami, FL 33131-2100

Matthew S Kish
100 SE 2nd Street, Suite 2700
Miami, FL 33131-2122

Justin R Opitz
Akerman Senterfitt LLP
2001 Ross Avenue, Suite 2550
Dallas, TX 75201-2991

Randy Williams
Evelyn I. Breithaupt
Thompson & Knight, LLP
333 Clay Street, Suite 3300
Houston, TX 77002

Diane W. Sanders
Linebarger Goggan Blair & Sampson
P.O. Box 17428
Austin, TX 78760-7428

Morris D. Weiss
Hohmann, Taube, & Summers, LLP
100 Congress Ave., 18ᵗʰ Floor
Austin, TX 78701

Michael R. Rahmn
McGlinchy Stafford, PLLC
1001 McKinney, Suite 1500
Houston,TX 77002

Steven T. Holmes
McGlinchey Stafford, PLLC
2711 N. Haskell Ave., Suite 2750
Dallas, TX 75204

David J. Booth
Frederick Black
Greer, Herz & Adams, LLP
2525 South Shore Blvd., Suite 203
League City, TX 77573

Claudia Canales
2112 Grand Blvd.
Pearland, TX 77581

Claudia Canales
Attn: Marc Douglas Myers
3120 Southwest Freeway, Suite 320
Houston, TX 77098

Owen Sonik
Perdue Brandon Fielder Collins & Mott
1235 North Loop West, Suite 600
Houston, TX 77008

Yolanda Humphrey
Perdue Brandon Fielder Collins & Mott
1235 North Loop West, Suite 600
Houston, TX 77008

Michael J. Darlow
Perdue Brandon Fielder Collins & Mott
1235 North Loop West, Suite 600
Houston, TX 77008

June Mann
Mann Law Firm
2180 North Loop 610 West, Suite 250
Houston, TX 77018

Joshua Wolfshohl
Porter Hedges LLP
1000 Main, 36th Floor
Houston, TX 77002

Elizabeth Basden
John H. Ivie, III
Basden & Ivie
17300 Dallas Parkway, Suite 3160
Dallas, TX 75248

Susan C. Mathews
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
1301 McKinney Street, suite 3700
Houston, Texas 77010

Gregory B. Maxon
American National Medical Management
19820 N. 7th Ave., Suite 150
Phoenix, AZ 85027

Kenneth A. Hill
Qulling, Selander, Lownds, Winslett, &
Moser
2001 Bryan Street, Suite 1800
Dallas, TX 75201

James Brown
Steven C. Earl
Gauntt, Earl, & Binney, LLP
1400 Woodloch Forest, Suite 575
The Woodlands, TX 77380