IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| MICHAEL GLYN BROWN, | § § | CASE NO. 13-35892-H4-11 |
| LIONHEART COMPANY, INC., | § § | CASE NO. 13-36390-H4-7 |
| CASTLEMANE, INC., | § § | CASE NO. 13-36407-H4-7 |
| PRORENTALS, INC., | § § | CASE NO. 13-36408-H4-7 |
| SUPERIOR VEHICLE LEASING CO., INC., and | § § § | CASE NO. 13-36410-H4-7 |
| MG BROWN COMPANY, LLC, | § § | CASE NO. 13-36411-H4-7 |
| DEBTORS. | § § | Jointly Administered Under Case No. 13-35892-H4 |

**TRUSTEE'S EMERGENCY MOTION TO SELL ASSETS AT MULTIPLE AUCTIONS**
**(Related to Doc. Nos. 895)**

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**There will be a hearing on this Motion on <u>Wednesday, December 4, 2013, at 2:00 p.m.</u> in Courtroom 600, 6th Floor, Bob Casey Federal Courthouse, 515 Rusk Street, Houston, Texas 77002.**

TO THE HONORABLE JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, proposed chapter 7 trustee for the Bankruptcy Estate of Michael Glyn Brown and chapter 7 trustee for the Bankruptcy Estates of Lionheart Company, Inc., Prorentals, Inc., and Superior Vehicle Leasing Co., Inc., files this Emergency Motion to Sell Assets at Multiple Auctions (the "Motion").

## Summary

1.	The Trustee has secured (1) personal property from the ranch near Normangee, Texas, (2) firearms from the house at 9110 Memorial Drive, Houston, Texas, and (3) certain vehicles.[1] The Trustee seeks authority to sell this personal property at auction. The Trustee has determined in his business judgment that the sale of these assets at auction will realize the best return for creditors.

## Cause for Emergency Consideration

2.	In order to realize maximum value to creditors, the Trustee's auctioneer needs to know soon when he is authorized to conduct the auctions and which property he is authorized to sell. This will allow the auctioneer maximum time to advertise the auctions of property of the Estate. The additional time to advertise will likely result in higher sale prices at auction.

---

[1] This Motion does not seek authority to sell the cars recovered from the house at 9110 Memorial Drive.

**Jurisdiction, Venue, and Constitutional Authority**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Court has constitutional authority to enter a final order regarding this matter. Court approval of the sale of property of a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ----, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, the sale of property of a bankruptcy estate is an essential bankruptcy matter which triggers the "public rights" exception. *See id.* The Trustee consents to the entry of a final order regarding this matter.

**Factual Background**

6. On January 23, 2013 (the "Petition Date"), the Michael Glyn Brown ("Brown") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court").

7. On September 11, 2013, the CRO filed an Emergency Motion to Reinstate Case, Appoint Chapter 11 Trustee, and Transfer Venue [Doc. No. 424]. The CRO reported that his investigations of Brown Medical Center, Inc. and other Brown-related entities revealed that immediate action was required to save those companies from financial failure. The CRO further reported that his investigation with respect to the Companies had uncovered significant financial debt, misuse of revenue, and compliance issues. Lastly, the CRO reported that a bankruptcy filing for BMC and other Brown-related entities was likely imminent.

8. On September 24, 2013, the Florida Bankruptcy Court granted the CRO's Motion to Reinstate, reinstating the Chapter 11 case, directing the appointment of a Chapter 11 Trustee, and transferring venue for the case to this Court [Doc. No. 435]. The Florida Bankruptcy Court highlighted the exigency of the transfer to this Court as "necessary to avoid irreparable harm." Reinstatement Order, 5.

9. On September 30, 2013, this Court entered an order approving the appointment of the Trustee as the Chapter 11 Trustee [Doc. No. 457] for the bankruptcy estate of Michael G. Brown.

9. On October 11, 2013, this Court, in the Brown Individual Bankruptcy Case, issued an *Order Granting Emergency Motion of Chapter 11 Trustee for Authority to Act on Behalf of Business Entities in the Brown Individual Case* [Case No. 13-35892, Doc. No. 548] (the "Authority Order"). Also on October 11, 2013, this Court issued an Order authorizing the Trustee to file bankruptcy proceeding for the above-captioned other than Brown debtors, [Case No. 13-35892, Doc. No. 552, 553, 554, 555, and 556] (the "Bankruptcy Authority Orders").

10. On October 15 and 16, 2013, the Trustee filed voluntary petitions initiating bankruptcy cases for (1) Lionheart Company, Inc., Case No. 13-36390, (2) Prorentals, Inc., Case No. 13-36408, (3) Superior Vehicle Leasing Co., Inc., Case No. 13-36410, (4) Castlemane, Inc., Case No. 13-36407, and (5) MG Brown Company, LLC, Case No. 13-36411. The Bankruptcy Cases are being jointly administered and the lead case is the Brown Individual Bankruptcy Case.

11. On November 20, 2013, the Court converted the Brown Individual Bankruptcy Case to one under chapter 7 of the Bankruptcy Code.

12. On November 20, 2013, the Trustee filed his Application for Authority to Employ and Compensate Auctioneer, [Doc. No. 895], which sought authority to employ and compensate

Webster's Auction Palace ("Webster") to sell property of the Bankruptcy Estates.

**I.    Vehicles**

13.    Webster is in possession of vehicles listed on the attached **Exhibit A**.

14.    The Trustee is informed that the following vehicles on Exhibit A are owned by the Bankruptcy Estate of Prorentals, Inc., and encumbered by a lien in favor of Texas Community Bank: (1) 2010 Ford Escape with VIN ending in -725, (2) 2009 Infiniti G3S with VIN ending in -353, and (3) 2009 Ford Escape with VIN ending in -442 (collectively, the "Encumbered Vehicles"). Counsel for the Trustee had made several attempts to contact the attorney representing Texas Community Bank in the Florida Bankruptcy Court regarding these vehicles, but that counsel did not respond to the attempts to communicate. Therefore, the Trustee has not yet been able to obtain payoff amounts for these vehicles. On November 27, 2013, Texas counsel for Texas Community Bank filed a notice of appearance, and the Trustee will contact these attorneys to obtain payoff amounts before the Encumbered Vehicles are sold.

15.    Webster proposes to sell the vehicles on Sunday, January 12, 2014, at an auction which will begin at 1:00 p.m.

**II.   Weapons & Accessories**

16.    Webster is in possession of various weapons and accessories listed on the attached **Exhibit B**. These items were recovered from the house at 9110 Memorial, Houston, Texas, and they are property of the Bankruptcy Estate of Michael Glyn Brown.

17.    Roland Saucedo, a former associate of Michael Brown, has informed the Trustee that he is the owner of several firearms retrieved by the Trustee from the house at 9110 Memorial. The firearms which were at the Memorial House but which Saucedo asserts that he owns are the

following: (1) Benelli Super 90 12 ga., serial #M720443, (2) Benelli Super 90 12 ga., serial #M720446, (3) Cimarron 45 Colt 45, serial #W00697, (4) Cimarron Colt 45, serial #W306767, (5) Cimarron 38 Colt, serial #J92623, (6) Cimarron 45 Colt, serial #P24759, (7) Cimarron 45 Colt, serial # F05350, (8) HK 91 .308, serial #A043393, (9) Nighthawk Talon II 45 ACP, serial #NHC09524, (10) Nighthawk Talon II 45 Cal, serial #NHC09152, (11) Ruger MK2 22 cal, serial #129-37804, (12) Sig Saur P226 9 mm, serial #U413795, (13) Smith & Wesson 500 mag, serial #DCA8959. These firearms are not included on Exhibit B. The Trustee will hold these firearms–and will not sell them–until such time as Mr. Saucedo provides the Trustee with written proof that he owns them. If Mr. Saucedo is unable to provide the appropriate documentation to the Trustee, the Trustee will seek further relief from the Court at a later date.

18. Webster proposes to sell the weapons & accessories–excluding the weapons which Saucedo asserts that he owns–on Sunday, January 19, 2014, at an auction which will begin at 1:00 p.m.

### III. Machines & Tools

19. Webster is in possession of various machines and tools which are listed on the attached **Exhibit C**. After inquiry, the Trustee is informed and believes that all items on Exhibit C are unencumbered.

20. The items on Exhibit C are owned by the Bankruptcy Estate of Lionheart.

21. Webster proposes to sell the machines & tools on Sunday, January 12, 2014, at an auction which will begin at 1:00 p.m.

### IV. Estate Category

22. Webster is in possession of various items which he has designated the "Estate

Category." These items are listed on the attached **Exhibit D**. After inquiry, the Trustee is informed and believes that all items on Exhibit D are unencumbered.

23. The items on Exhibit D are owned by the Bankruptcy Estate of Lionheart.

24. Webster proposes to sell the items in the Estate Category at two auctions on (1) Sunday, January 12, 2014, beginning at 1:00 p.m., and (2) Sunday, January 26, 2014, beginning at 1:00 p.m.

### Relief Requested

25. The Trustee requests authority to sell the items listed on the attached Exhibits A-D at auctions conducted by Webster. Collectively, the items listed on Exhibits A-D to this Motion will be referred to as the "Property to be Sold at Auction."

### Legal Authority in Support of Relief Requested

26. A sale of estate property outside the ordinary course of business is proper, but the trustee or debtor-in-possession must articulate a sound business reason for the sale and show that the sale is in the best interest of the estate (i.e. that it is fair and reasonable), that the sale has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that the sale is an arms-length transaction. *See, e.g., In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986). The business justification for a sale must be considered on a case-by-case basis. *Id.* at 1226. In evaluating such a sale, the Court must balance the need for flexibility with the concerns of affected creditors. *In re Terace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-479 (Bankr. S.D.N.Y. 1986).

27. The Bankruptcy Code provides that property may be sold free and clear of "any interest in such property other than the estate" only if certain conditions are met. 11 U.S.C. § 363(f). These conditions are as follows:

(1) applicable non-bankruptcy law permits the sale of such property free and clear of such interests;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

28. The Trustee seeks to sell the Property to be Sold at Auction free and clear. Sales free and clear is appropriate because all items except for the Encumbered Vehicles are not encumbered by any liens. The Trustee will not sell the Encumbered Vehicles for any amount less than the amounts owed to Texas Community Bank and secured by the Encumbered Vehicles unless Texas Community Bank provides the Trustee with prior written consent.

29. In the exercise of his business judgment, the Trustee believes that the proposed sales at auction are fair and reasonable and in the best interests of the creditors of the Bankruptcy Estates. The proposed auctions will liquidate valuable property for the benefit of unsecured creditors.

30. The sales at auction will be **"AS IS, WHERE IS" with the Trustee making NO REPRESENTATIONS OR WARRANTIES.**

31. The Trustee further requests that the Court waive the stay imposed by FED. R. BANKR.

P. 6004(g) so that auctions and preparation for the auctions may proceed immediately.

Accordingly, the Trustee requests that the Court authorize the sale of the assets listed on Exhibit A-D at auction and grant the Trustee such other and further relief as is equitable and just.

Dated: November 30, 2013.

    Respectfully submitted,

By */s/ Richard A. Kincheloe*
Gretchen McCord
Texas Bar No. 00798203
gmccord@nathansommers.com
Spencer D. Solomon
Texas Bar No. 24066117
ssolomon@nathansommers.com
Richard A. Kincheloe
Texas Bar No. 24068107
rkincheloe@nathansommers.com
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705
Telephone: (713) 960-0303
Facsimile: (713)892-4800
PROPOSED ATTORNEYS FOR RONALD J. SOMMERS, PROPOSED CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF MICHAEL GLYN BROWN, AND ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF LIONHEART COMPANY, INC., PRORENTALS, INC., AND SUPERIOR VEHICLE LEASING CO., INC.

**Certificate of Accuracy**

The undersigned certifies that the facts contained in the foregoing Motion are true and correct to the best of his knowledge.

                                             */s/ Richard A. Kincheloe*
                                             Richard A. Kincheloe

**Certificate of Service**

The undersigned certifies that a true and correct copy of the foregoing Motion was served on the parties listed on the attached service list on November 30, 2013, by ECF notification and/or first-class U.S. mail, postage prepaid. The undersigned further certifies that a true and correct copy of the foregoing Motion was sent to Roland Saucedo by electronic mail at bigroland@gmail.com and served on Roland Saucedo by first-class U.S. mail, postage prepaid, at 7423 Dixie Dr., Houston, TX 77087.

                                             */s/ Richard A. Kincheloe*
                                             Richard A. Kincheloe