Case 13-35892   Document 964   Filed in TXSB on 12/04/13   Page 1 of 6



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
12/04/2013

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MICHAEL GLYN BROWN,** | § | **CASE NO. 13-35892-H4-11** |
| | § | |
| **LIONHEART COMPANY, INC.,** | § | **CASE NO. 13-36390-H4-7** |
| | § | |
| **CASTLEMANE, INC.,** | § | **CASE NO. 13-36407-H4-7** |
| | § | |
| **PRORENTALS, INC.,** | § | **CASE NO. 13-36408-H4-7** |
| | § | |
| **SUPERIOR VEHICLE LEASING** | § | **CASE NO. 13-36410-H4-7** |
| **CO., INC., and** | § | |
| | § | |
| **MG BROWN COMPANY, LLC,** | § | **CASE NO. 13-36411-H4-7** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered Under** |
| | § | **Case No. 13-35892** |

<u>**ORDER APPROVING SALE OF 68-FOOT 2006 AZIMUT YACHT**</u>
**(Related to Doc. No. 888)**

The Court has considered the Trustee's Emergency Motion to Sell 68-Foot 2006 Azimut

Yacht (the "Motion"). After considering the Motion, the Court is of the opinion and finds that (1)

service of the Motion was in all respects adequate and proper, (2) the Court has jurisdiction over the

Motion, (3) the Court has constitutional authority to enter a final order regarding the Motion, (4)

venue is proper in this District, (5) the Trustee has articulated a sound business for the proposed sale,

(6) a sale free and clear of liens, claims, and encumbrances is appropriate, and (7) the Motion should

in all things be granted.✱ Accordingly, it is hereby

ORDERED that the Motion is in all things granted. Further, it is

ORDERED that the Trustee is authorized to sell the Estasi, as defined in the Motion, for

1

✱ The Court is expressly
approving the Purchase &
Sales Agreement attached
_hereto_ as Exhibit "A"

$726,043.50. Further, it is

ORDERED that the Trustee is authorized and directed to promptly disburse the proceeds

from the sale of the Estasi as follows:

(1)     $53,556.74 to Robert Stotler;

(2)     $663,000 to Iberia Bank;

(3)     $1,486.76 to Yacht Management; and

(4)     $8,000 as unsecured funds to the Bankruptcy Estate of Michael Glyn Brown.

Further, it is

ORDERED that the Trustee is authorized to execute all necessary documents to consummate

the sale of the Estasi.

Signed this **4th** day of _____ **Dec.** _____, 2013.

_____

**Jeff Bohm,**
**Chief United States Bankruptcy Judge**

2



# STOTLER YACHT & SHIP
## www.yacht1.net

340 Royal Poinciana Way Suite 101/317
Palm Beach, FL 33480
Office  561-876-7887
Fax     561-423-6388
robert@yacht1.net

## PURCHASE & SALES AGREEMENT

Agreement is made this **4th** day of December, 2013 between:

Owner of record                                        Frances Cabasso or assigns

(Hereinafter referred to as Seller)                    (Hereinafter referred to as Buyer)

1.   The Buyer agrees to purchase and the Seller agrees to sell all rights, title and interest to the yacht or vessel described as:

   NAME: ESTASI   MAKE: Azimut    MODEL: 68'S  LENGTH: 68'   YEAR: 2006

   DOCUMENTATION #:                          HULL#:

2.   The purchase price is: Seven hundred twenty six thousand forty three dollars and fifty cents ($726,043.50)
     the Sum of: Seventy four thousand five hundred dollars ($74,500 )
     is hereby paid to the escrow account of the broker, as a deposit toward the purchase price, and subject to the terms of
     this Agreement; said funds to be cleared into said account following acceptance by Seller within two business days.

3.   This offer to purchase shall be accepted by Seller, and written evidence thereof delivered to the selling broker on or
     before **Wednesday December 5, 2013** or offer shall be deemed revoked and the deposit be returned to Buyer.

4.   Written or facsimile acceptance or rejection of the vessel must be made by the Buyer by: **Wednesday December 4,
     2013.** Buyer's failure to exercise his right of acceptance or rejection as specified shall be construed as rejection. In the
     event of rejection the deposit shall be returned to Buyer after all expenses incurred by Buyer against vessel have been
     paid.

5.   (a)  The sale of the vessel is subject to: Sea trials and surveys acceptable to buyer, and approval by the US
     Bankruptcy Court, SDTX.

   (b)  In the event this sale is subject to survey, the Buyer acknowledges and agrees:
     (i)   He has selected a surveyor who is in the employ and is responsible solely to Buyer for any errors or omissions,
           notwithstanding the fact that the broker may have provided information and assisted the Buyer with hiring said
           surveyor.
     (ii)  He shall instruct his agent or surveyors to examine and/or sea trial the vessel to ensure the vessel meets the
           Buyer's requirements.

Initial: Buyer _____ Seller _____

Exhibit "A"

Case 13-35892   Document 964   Filed in TXSB on 12/04/13   Page 4 of 6

    (iii) All costs of the survey shall be at the expense of the Buyer, including, but not limited to all associated costs such as haul out, dry dock charges and/or subcontractors, if applicable.

    (c) In the event that the sale of the vessel is subject to sea trial or trial run, the Seller agrees that any sea trial which he authorizes shall be made at Seller's sole risk and expense.

6.  If vessel is destroyed prior to closing by an Act of God or other cause, the contract shall become null and void and the deposit, less all expenses incurred in behalf of Buyer, shall be paid to Buyer.

7.  In the event the closing is not consummated due to non-performance of Buyer, including, but not limited to failure of Buyer to pay monies due or execute all documents necessary to be executed by Buyer for completion of the purchase by the closing date, all deposit funds paid prior to closing shall be retained by the Seller and Broker as liquidated and agreed damages, and the parties shall be relieved of all obligations under this Agreement. Buyer and Seller agree that the forfeited deposit shall be divided equally between Seller and Broker(s) after all expenses incurred in behalf of Buyer against the vessel have been paid from the deposit.

8.  In the event the closing is not consummated due to non-performance of Seller regarding any of the covenants in this contract, all money paid or deposited pursuant to this contract by the Buyer shall be returned to the Buyer upon demand, less all expenses incurred in behalf of Buyer.

9.  The said vessel is being purchased free and clear of all debts, claims, liens and encumbrances of any kind whatsoever, except as noted hereinafter, and the Seller warrants and will defend that he has good marketable title thereto and will deliver to the broker all necessary documents for transfer of title to the Buyer on or before the closing date, which is agreed to be on or before **Wednesday December 11, 2013.** Final payment due at time of closing shall be in the form of cleared or negotiable funds acceptable to Seller. By the date of closing the vessel shall be delivered from **sellers berth Fort Lauderdale, Florida,** together with all gear, machinery, equipment, furnishings and all other articles and appurtenances thereto agreed upon. (In the event the parties do not agree upon a specific inventory, Seller agrees to deliver the vessel with all items disclosed in the listing broker's specifications sheet or, if none, the selling brochure attached and marked "Exhibit "A".

10.  It is agreed by the parties that the risk of loss, damage or destruction of said vessel and equipment shall be borne by the Seller until the transaction is closed.

11.  Sale or use taxes, if applicable on this purchase are the responsibility of Buyer and will be collected by the selling broker at time of closing. Duties, taxes and/or fees on the vessel of any state, county, city, regulatory and/or taxing authority incurred prior to the date of closing of this transaction shall be the responsibility of the Seller and shall be paid by closing date. Seller shall further pay any cost associated with and shall cooperate to fully obtain any authorization for sale required from any governing authority.

12.  Information on the vessel is believed to be good and correct and the broker offers such information in good faith, but does not and cannot guarantee the accuracy of the information. After the provisions herein have been complied with and this transaction has been consummated, it is understood and agreed that the buyer has accepted the vessel in its "as is" "where is" condition, and no warranty, either expressed or implied, and no representation as to the condition of said vessel has been or is binding upon broker or Seller.

13.  The Buyer is at least 18 years of age and is a citizen of the United States.

14.  This contract shall be binding on all parties herein, their heirs, personal representatives and/or assigns when this contract shall have been signed by all parties or their duly authorized agents. Seller agrees not to sell the vessel or enter into any contract for the sale of same while this contract is in effect. If a sale is not consummated per the terms of this agreement and the Buyer and Seller make direct arrangements between themselves within two years after this agreement is terminated for the transfer of ownership of the vessel, the Seller agrees to pay the broker an amount identical to the commission the broker would receive under the terms of the listing contract.

Initial: Buyer_____ Seller_____

Case 13-35892   Document 964   Filed in TXSB on 12/04/13   Page 5 of 6

15. This document constitutes the entire agreement between parties hereto and it is agreed and understood that there are no other duties, obligations, liabilities or warranties, implied or otherwise, except as referred to in an addendum if attached.

16. Any legal action brought by or against either party under the terms of this agreement shall be determined by the laws of the State of Florida, and venue and jurisdiction for said action shall be within the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17. Seller agrees to sell the above-described vessel on the terms in the foregoing contract. The Seller and Buyer recognize and acknowledge Stotler Yacht & Ship as the Listing Broker of Record, and Stotler Yacht & Ship as the Selling Broker of Record. Buyer is solely responsible for payment of all documentation fees.

18. Any funds due the broker for storage, insurance, repairs, documentation services, commissions, and/or other items accrued to the Seller's account shall be deducted from the Seller's net proceeds prior to disbursement of funds to the Seller.

The parties further agree that: This Vessel has not Sustained Damage from Fire, Flood, or Sinking.

IN WITNESS WHEREOF: The undersigned Buyer has executed this Purchase and Sale Agreement on the date indicated below and acknowledges receipt of a copy hereof.

WITNESS: _____

BUYER: _____

Date: _____Dec. 4 · 2013_____

## SELLER ACCEPTANCE

The undersigned Seller accepts and agrees to sell the vessel on the above terms and conditions. Seller acknowledges receipt of a copy of this Agreement and authorizes _____ to deliver a signed copy hereof to Buyer.

WITNESS: _____

SELLER

Date: _____

## DEPOSIT RECEIPT

Receipt of $ _____ per paragraph 2 above is hereby acknowledged, in the form of _____ (Check #, Bank, etc) by: _____.

Initial: Buyer _____ Seller _____

Case 13-35892   Document 964   Filed in TXSB on 12/04/13   Page 6 of 6



## STOTLER YACHT & SHIP
*www.yacht1.net*

340 Royal Poinciana Way Suite 101/317
Palm Beach, FL 33480
Office  561-876-7887
Fax     561-423-6388
robert@yacht1.net

### ACCEPTANCE OF VESSEL

I/We, Frances Cabasso, Purchaser(s) of the vessel 2006 Azimut 68'S ESTASI
do hereby accept the survey and sea trial of said vessel conducted by Marc Slakoff,
who were the marine surveyor(s) of my/our choice, and performance of all other
conditions of the contract dated December 4, 2013, heretofore entered into by me/us
for the purchase of said vessel, and agree to accept delivery of said vessel and pay
the balance due under said contract and otherwise close this transaction on or
before Wednesday December 11, 2013.

_____          12-4-13
Buyer(s) Signature                                    Date